585 A.2d 1119

**Marbel IBARRA, Appellant,**

v.

**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1990.

Filed Jan. 31, 1991.

John A. Rothschild, Philadelphia, for appellant.

David M. McCormick, Philadelphia, for appellee.

Before CAVANAUGH, BECK and POPOVICH, JJ.

BECK, Judge:

The issue is whether a wife, who is a named insured along with her husband, under a policy of automobile insurance, may collect first-party benefits when she suffers injuries in an accident while operating an uninsured vehicle titled only in her husband's name.

Plaintiff-appellant Marbel Ibarra (Ibarra) sued defendant-appellee insurance company, Prudential Property and Casualty Insurance Company (Prudential), for denying her first-party benefits under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §§ 1701–1798.4 (1984) (MVFRL). The trial court granted Prudential's motion for summary judgment on the ground that Ibarra had an ownership

interest in the uninsured car involved in the accident. The MVFRL provides that an owner of a registered motor vehicle that is uninsured cannot recover first-party benefits. 75 Pa.C.S.A. § 1714 (1984).

Ibarra asserts her right to first-party benefits on a policy of insurance with Prudential in the name of Ibarra and her estranged husband covering two other cars.[1] Ibarra claims that at the time of the accident she had no ownership interest in the uninsured car she was driving. The car was titled in her estranged husband's name, she did not regularly use the car, and the accident occurred when, as an accommodation to her husband, she was taking the car to the repair shop.

Under the MVFRL if she had an ownership interest in the uninsured car involved in the accident she is not entitled to first-party benefits. On the other hand, if she did not have an ownership interest in the uninsured car involved in the accident, then she is entitled to look to her own insurance company, in this case Prudential, for first-party benefits.

The question then is whether Ibarra had an ownership interest in the car involved in the accident? We conclude she did not, and, therefore, we reverse the trial court's decision.

The relevant facts stipulated to by the parties are as follows. Ibarra was involved in an automobile accident in which she sustained personal injuries. Ibarra was driving a 1982 Chevette, titled and registered in the name of her estranged husband, Miguel Ibarra. The Chevette was not listed under any insurance policy on the date of the accident.

An automobile insurance policy issued by Prudential was in full force and effect on the date of the accident, naming as insureds both husband and wife. The policy covered two automobiles, but did not cover the Chevette involved in the accident. The Ibarras' policy provided first-party benefits

1. The fact that the parties are estranged has no relevancy to the analysis of the issue before us.

as required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1711 (1984).

As a result of the accident Ibarra submitted a claim for medical expenses and wage loss to Prudential. Prudential denied Ibarra's first-party benefits claim contending that she was barred from recovering such benefits under section 1714 of the MVFRL. Section 1714 of the MVFRL provides in pertinent part that

> [a]n owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first party benefits.

75 Pa.C.S.A. § 1714.[2]

Although "an owner" is not defined in the MVFRL, it is defined under the general provisions of the Vehicle Code. An owner is defined in pertinent part as

> [a] person, other than a lienholder, having the property right in or title to a vehicle.

75 Pa.C.S.A. § 102 (1977). No definition of "the property right" is provided in the MVFRL or the Vehicle Code.

The trial court concluded that Ibarra had a property right in the Chevette because the vehicle would be considered marital property under the Divorce Code, 23 Pa.S.A. § 401(f),[3] and could therefore be subject to future equitable distribution. Trial Court Opinion, at 3–4. Because the trial court found that Ibarra had a property right in the Chevette, the court held she could not recover first-party bene-

---

**2.** Financial responsibility is defined under the MVFRL as
"[t]he ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident."
75 Pa.C.S.A. § 1702 (1984).

**3.** Pursuant to § 401(f) of the Divorce Code, "[a]ll property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership." At bar, the parties stipulated that the vehicle in question was acquired when they were married. Reproduced Record, at 2–3, para. 11.

fits pursuant to the MVFRL. The trial court therefore granted Prudential's motion for summary judgment.

On appeal Ibarra asserts that she is not an owner of the vehicle in question with respect to section 1714 of the MVFRL.[4] Specifically, she argues that the definition of marital property included under the Divorce Code is not applicable to the determination of ownership under the MVFRL. We agree.

The Divorce Code was promulgated to provide the law for the dissolution of marriage, to encourage settlement of differences between spouses, to mitigate the harm to spouses and children caused by dissolution of marriage, and to insure fairness and consistency in divorce proceedings. *See generally* 23 Pa.S.A. § 102 (1980). Marital property is defined within the Divorce Code as the property acquired by either spouse during the marriage that the divorce court has the power to equitably divide, distribute or assign between the two parties. *See* 23 Pa.S.A. §§ 401(d), 401(e).

The specific definition of "marital property" in the Divorce Code provides that *"[f]or purposes of this chapter only,* 'marital property' means all property acquired by either party during the marriage."* 23 Pa.S.A. § 401(e) (emphasis added). Chapter 4 of the Divorce Code, which includes § 401(e), generally provides the law for the divorce court to decree property rights in matters of equitable distribution. We note that each of the sections promulgated under Chapter 4 contain language establishing that the statutes are intended to apply to "matrimonial causes," decrees or proceedings for "divorce or annulment," and court orders of "equitable distribution, alimony pendente

---

4. We note that the issue of who is an owner under the MVFRL is one of first impression. The cases interpreting § 1714 have each involved a claim for first-party benefits by the admitted owner of the vehicle and did not address the meaning of "owner," or who is an "owner." *See Kresge v. Keystone Ins. Co.,* 389 Pa.Super. 548, 567 A.2d 739 (1989); *DeMichele v. Erie Ins. Exchange,* 385 Pa.Super. 634, 561 A.2d 1271 (1989); *Mowery v. Prudential Property & Casualty Ins. Co.,* 369 Pa.Super. 494, 535 A.2d 658 (1988), *appeal denied,* 518 Pa. 641, 542 A.2d 1370 (1988); *Allen v. Erie Ins. Co.,* 369 Pa.Super. 6, 534 A.2d 839 (1987).

lite, alimony, child and spousal support." 23 Pa.S.A. §§ 401–04.

■ In this instance, we conclude that the use of the definition of "marital property" in the Divorce Code is not applicable to determine who an owner is under the MVFRL. In particular, we find the specific language limiting the definition of "marital property" to matters of equitable distribution to be determinative. Upon a thorough review of the purpose and policy of the Divorce Code and the MVFRL, we can find no persuasive support for directly applying the Divorce Code definition of "marital property" to determine ownership of a vehicle for purposes of financial responsibility.

We note that this court has previously held that the Divorce Code may not be applicable to other areas of the law. *Haviland v. Haviland*, 333 Pa.Super. 162, 164–165, 481 A.2d 1355, 1357 (1984). In *Haviland*, we considered the application of the Divorce Code to the situation where a spouse dies prior to the entry of the divorce decree. Noting that the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 101 *et seq.*, contains provisions addressing the distribution of marital property, as does the Divorce Code, we held that the Divorce Code would not be construed to debilitate the Probate Code. *Haviland*, 333 Pa.Super. at 164–165, 481 A.2d at 1357. *See also Pastuszek v. Pastuszek*, 346 Pa.Super. 416, 423–424, 499 A.2d 1069, 1073 (1985) (noting "that the death of a spouse prior to the entry of a divorce decree abates the [divorce] action, including any equitable distribution of marital property").

Our conclusion that the definition of "marital property" under the Divorce Code is not applicable to determine vehicle ownership under the MVFRL does not fully resolve the question. We must still determine whether under the Vehicle Code appellant was an owner of the vehicle in order to decide whether appellant should be precluded from recovering first-party benefits.

We return to the definition of "owner" as provided in the Vehicle Code. An "owner" is

> [a] person, other than a lienholder, having *the property right* in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security.

75 Pa.C.S.A. § 102 (emphasis added). This definition provides that ownership is evidenced (1) by having title in a vehicle or (2) by having the property right in a vehicle. At bar, the parties stipulated that Ibarra does not hold title in the vehicle. We conclude that Ibarra did not have "the property right" contemplated by the Vehicle Code definition. In the absence of interjecting the Divorce Code definition of "marital property" into the Vehicle Code, we simply find no foundation to support Prudential's assertion that Ibarra has "the property right" in the car. Prudential points to no other basis for its contention that Ibarra has the property right.

■ Moreover, nothing in the factual scenario supports the argument that Ibarra is an owner of the car. The vehicle in question is titled and registered solely in the name of husband Miguel Ibarra. The parties stipulated to the fact that prior to the accident the car was permanently located at Miguel Ibarra's residence. Moreover, appellant did not have regular use of the vehicle, nor did she have her own set of keys to the vehicle. On the day of the accident, appellant was driving the car to a repair shop, at the request of, and as a favor to her husband. We find that Ibarra is neither an owner of the vehicle, nor does she have "the property right" in the vehicle.

Because we conclude appellant Ibarra is not an owner nor does she have the property right in the uninsured vehicle in question, we reverse the trial court's grant of summary judgment for appellee Prudential and remand for proceedings consistent with this memorandum.

Jurisdiction is relinquished.

CAVANAUGH, J., concurs in the result.