605 A.2d 424

**Bryant ALLEN and Debra Allen**

v.

**Sharon MERRIWEATHER and Thomas Maltetos and Ford Motor Credit Co. and Travelers Insurance Company.**

**Appeal of Bryant ALLEN.**

Superior Court of Pennsylvania.

Argued Feb. 5, 1992.

Filed March 30, 1992.

Richard J. Hunigman, Philadelphia, for appellant.

M. Susan Riley, Philadelphia, for appellee Travelers Ins.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the January 22, 1991 order granting summary judgment in favor of appellee Travelers Insurance Company ("Travelers"). Appellants Bryant and Debra Allen present one issue for our review: whether a husband is entitled to receive first party benefits when he suffers injuries in a motor vehicle accident while operating an uninsured vehicle titled only in his wife's name. For the reasons that follow, we affirm.

Appellant Bryant Allen was involved in an accident while driving an uninsured vehicle registered only in his wife's name. On May 8, 1990, appellant filed a complaint against the operator and owner of the other vehicle and against Travelers, an assignee of the Pennsylvania Assigned Claims Plan, seeking first party medical benefits pursuant to the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1701 *et seq.* Travelers filed an answer and new matter asserting, *inter alia,* that appellant's cause of action was barred by his lack of compliance with the MVFRL. Thereafter, appellee filed a motion for summary judgment, alleging that appellant was ineligible under the provisions of 75 Pa.C.S.A. § 1752(a)(3). The trial court granted summary judgment, resulting in this appeal.

Our standard of review of an order granting summary judgment is well-settled. Summary judgment may properly be entered only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b).

The moving party has the burden of persuading the court that no genuine issues exist as to the material facts.

Summary judgment may be entered only where the case is free from doubt. *Hower v. Whitmak*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525, *allocatur denied*, 522 Pa. 584, 559 A.2d 527 (1988). In passing upon a motion for summary judgment, moreover, a court must examine the record in the light most favorable to the non-moving party. Any doubt must be resolved against the moving party. *French v. United Parcel Service*, 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–41, 476 A.2d 928, 930 (1984); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

*Garcia v. Savage*, 402 Pa.Super. 324, 328, 586 A.2d 1375, 1377 (1991) (citing *Laventhol & Horwath v. Dependable Insurance Associates, Inc.*, 396 Pa.Super. 553, 579 A.2d 388, 390 (1990)). We will overturn a trial court's entry of summary judgment only if there has been an error law or clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988). With these principles in mind, we proceed to examine whether summary judgment was proper.

The relevant provisions of the MVFRL are § 1714 and § 1752. Section 1714, entitled "Ineligible claimants," states that "an owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first party benefits." Section 1752, entitled "Eligible claimants," provides:

(a) **General Rule.**—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

.  .  .  .  .

(3) Is not an owner of a motor vehicle required to be registered under under Chapter 13 (relating to registration of vehicles).

The trial court granted summary judgment in favor of Travelers because it determined that appellant had a property right in the vehicle and therefore was an "owner" for purposes of the MVFRL. In determining whether appellant

was an owner, the court first looked to the definition of "owner" found in § 102 of the Vehicle Code, 75 Pa.C.S.A., which provides:

A person other than a lienholder, having a property right in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security.

Recognizing that the Vehicle Code does not define "property right," the trial court then turned to the definition of "marital property" contained in Pennsylvania's Divorce Code.[1] Because the vehicle involved in the accident was acquired during the marriage, the court concluded that appellant Bryant Allen was an "owner," and therefore was barred from recovery of benefits from the Assigned Claims Plan.

Appellant contends that the trial court erred in determining that he had a property interest in the motor vehicle owned by his wife. The issue of whether one has a property interest in his spouse's automobile for purposes of the MVFRL was first addressed by this court in *Ibarra v. Prudential Property & Cas. Ins. Co.*, 402 Pa.Super. 27, 585 A.2d 1119 (1991). In *Ibarra* this court held that an individual who was injured while driving an uninsured vehicle titled and registered solely in her estranged husband's name was not an owner of the vehicle, nor did she have a property interest in the vehicle. Thus, she was not precluded under § 1714 from recovering first-party benefits under her policy of automobile insurance on a different vehicle. In determining whether the the *Ibarra* appellant was to be considered an "owner" of the vehicle for purposes of the MVFRL, this court rejected the trial court's reliance upon the definition of "marital property" found in the Divorce Code. Instead, the court emphasized the fact that prior to the accident, the automobile was permanently located at the husband's residence, and that the wife did not have regular

---

1. "Marital property" is defined as "all property acquired by either party during the marriage." 23 Pa.C.S.A. 401(e).

use of the car, did not have her own set of keys, and was only driving the car to the repair shop at the request of, and as a favor to, her husband.

A later panel of this court determined that *Ibarra* provided insufficient guidance as to what constituted "ownership," and, in *Bethea v. Pa. Fin. Resp. Assigned Cl.*, 407 Pa.Super. 57, 595 A.2d 122 (1991), this court clarified the holding in *Ibarra*. *Bethea* involved the same factual background and issue that confronts us here, namely whether a spouse who is not estranged from her husband but who resides in the same household is entitled to benefits under the Pennsylvania Assigned Claims Plan.

First, the court in *Bethea* found that title ownership is not the sole factor governing eligibility for benefits under 75 Pa.C.S.A. § 1752(a)(3). In addition, the court stated that whether the vehicle constituted marital property was only a factor in determining ownership under the MVFRL and would not control the outcome. The court was concerned with the possible unfairness of denying benefits to one with only a tenuous ownership interest in the vehicle. Consequently, the court announced that "an actual cognizable property right in the vehicle as well as de facto indicia of ownership" was required to satisfy § 1714. *Id.*, 407 Pa.Superior Ct. at ——, 595 A.2d at 126.

The court in *Bethea*, however, did not state what constitutes such a cognizable property right or de facto indicia of ownership, because the record was devoid of all evidence of ownership except that the appellant was residing with her husband, the record owner, at the time of the accident. Nevertheless, the *Bethea* court referred to the factors considered in *Ibarra*, namely that the vehicle was titled only in appellant's husband's name, that she did not use the car with any degree of significant frequency and that appellant and her husband were no longer living together as a marital unit. The *Ibarra* court considered these factors, in addition to the fact that the wife did not have her own set of keys and was only driving the vehicle to a repair shop as a favor to her husband, in order to reach what it considered to be a

fair result. We take guidance from *Ibarra* and note that those factors which were absent in *Ibarra* are present here.

First, it is clear that Bryant Allen had a property interest in the vehicle under marital property law. The deposition testimony indicates that the automobile was purchased after the Allens married. Deposition of Bryant Allen, September 24, 1990, at 109. Second, there exists that "additional indicia of control or ownership which would support imputing the obligation to provide financial responsibility under the Act." Appellant resided with his wife on the date of the accident. N.T. at 108. His wife allowed him to drive the vehicle which he knew was uninsured when he was driving it. N.T. at 109, 27. Furthermore, at the time of the accident, appellant was returning from a personal errand. N.T. at 30. The trial court found that Bryant Allen "enjoyed the use and benefits of the automobile purchased subsequent to his marriage...." Therefore, we conclude that appellant had "an actual cognizable property right in the vehicle as well as de facto indicia of ownership" and therefore find it reasonable to hold appellant responsible under these circumstances for the decision not to secure financial responsibility. Accordingly, we find that appellant was an "owner" for purposes of the MVFRL and that the trial court properly granted summary judgment.

Order affirmed.

JOHNSON, J., concurs in the result.