**Alberts v. Pennsylvania Financial
Responsibility Assigned Claims Plan**

*Charles F. Volz,* for plaintiff.
*Walter J. Timby III,* for defendant.

HERRON, *J.,* December 15, 1992 —

This court denies plaintiff wife's claim for motorist benefits suffered in a motor vehicle accident while driving her husband's uninsured vehicle titled in his name because she is an "owner" of that vehicle.

## BACKGROUND[1]

This case arises out of a motor vehicle accident which occurred on January 20, 1990, in Philadelphia. In the course of that accident, plaintiff Bridget Alberts, while operating an uninsured motor vehicle titled in her husband's name, suffered injuries. Alberts filed a claim for uninsured motorists' benefits which was subsequently denied by Constitution State Service Company and Travelers Insurance Company, who were designated as sureties by the assigned claims plan. In response to that denial, Alberts filed the instant suit against the plan to recover uninsured motorists' benefits. The case proceeded to non-jury trial on December 10, 1992, before this court.

To resolve the issues in this case it is necessary to examine the ownership of the car driven by Alberts and Alberts' interest in and access to that car. Alberts' husband purchased the car after the couple was married. Alberts and her husband lived together and Alberts had her own keys to the car as well as unrestricted access to and use of the car. Although Alberts knew the car was uninsured, she used it on a daily basis for personal and familial

---

1. The pertinent facts were stipulated to by both parties as those testified to by plaintiff at deposition on May 18, 1992.

errands. On days where Alberts' husband worked, he was either picked up by a co-worker or driven to work by Alberts, leaving the car for Alberts' unrestricted use.

## DISCUSSION

Eligibility for UMB is determined by reference to 75 Pa.C.S. §1701, the Pennsylvania Motor Vehicle Financial Responsibility Law. The relevant provision of the MVFRL is section 1752. Section 1752, *eligible claimants*, provides:

"(a) *General rule*—A person is eligible to recover benefits from the assigned claims plan if the person meets the following requirements:

"(3) is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles)." 75 Pa.C.S. §1752(a)(3) (Supp.). The issue presented here is whether or not Alberts is the owner of a motor vehicle.

At first blush, it seems that this matter might be resolved by the fact that the Alberts' car is titled in the husband's name. However, the Superior Court has, in several recent opinions, revealed a standard by which spouses whose names do not appear on the title may be constructive owners of motor vehicles. In *Bethea v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 407 Pa. Super. 57, 595 A.2d 122 (1991), the court held that a contingent equitable distribution right arising from marital ownership, combined with other significant indicia of ownership, could establish spousal ownership of a motor vehicle. In reversing a summary judgment for the plan, the *Bethea* court reasoned that the evidence must reveal

more than that the claimant was married to the title holder of a car, that the marital relationship only established a property right in the car. *Id.* at 62, 595 A.2d at 126. Relying on *Ibarra v. Prudential Property & Casualty Company,* 402 Pa. Super. 27, 585 A.2d 1119 (1991), the *Bethea* court remanded the case to develop a record concerning the spouse's access to the car, the frequency of her use of the car, and whether the marrieds lived together. *Id.* at 64, 595 A.2d at 126-27.

In *Allen v. Merriweather,* 413 Pa. Super. 410, 605 A.2d 424 (1992), the court indicated that the factors to consider as possible de facto indicia of ownership included: possession of a set of keys, frequency of use of the car, purpose of use of the car, whether the spouses are estranged, and the claimant's awareness that the car is uninsured. *Id.* at 414, 605 A.2d at 426. The *Allen* court affirmed the claimant's exclusion from plan coverage based on the following facts:

"First, it is clear that [claimant] had a property interest in the vehicle under marital property law. The deposition testimony indicates that the automobile was purchased after the Allens married.... Second, there exists that "additional indicia of control or ownership which would support imputing the obligation to provide financial responsibility under the Act." Appellant resided with his wife on the date of the accident.... His wife allowed him to drive the vehicle which he knew was uninsured when he was driving it.... Furthermore, at the time of the accident, appellant was returning from a personal errand.... The trial court found that [claimant] "enjoyed the use and benefits of the automobile purchased subsequent to

his marriage. ..." Therefore, we conclude that appellant had "an actual cognizable property right in the vehicle as well as de facto indicia of ownership" and therefore find it reasonable to hold appellant responsible under these circumstances for the decision not to secure financial responsibility." *Id.* at 415, 605 A.2d at 426-27.

In the instant case, plaintiff has admitted a marital interest in the car. In addition, plaintiff has demonstrated additional de facto indicia of ownership. These include her ownership of a set of car keys, her unfettered access to the car, her awareness of the car's uninsured status, her daily use of the car, and the fact that she lived with her husband. Therefore, this court finds that plaintiff is the constructive owner of a motor vehicle required to be registered and is therefore ineligible to receive uninsured motorists' benefits under the MVFRL.

## ORDER

And now, December 15, 1992, after bench trial, for the reasons set forth in the contemporaneously filed memorandum opinion, this court finds in favor of defendants and against plaintiffs.

