## Renze v. Bush

C.P. of Fayette County, no. 2269 of 1996, G.D.

*Gary F. Lynch,* for plaintiff.
*Louise D. Monaghan,* for defendant.

SOLOMON, *J.,* December 21, 1999—Presently before the court is the motion for partial summary judgment of the defendant, Elda M. Bush, requesting that the plaintiff, David Renze, be bound to a limited tort option

for recovery, and that he be precluded from recovering economic damages.

## BACKGROUND

This action arises out of an automobile accident which occurred on July 17, 1995. The plaintiff, David Renze, was driving a vehicle owned by his wife, Mary Renze, when it was struck by a vehicle being driven by the defendant, Elda M. Bush. The vehicle the plaintiff was driving was titled and insured in the name of Mary Renze. Mrs. Renze, as the named insured, had selected a limited tort option under her insurance policy with Flagship City Insurance Company. Additionally, the policy included a named driver exclusion endorsement excluding the plaintiff as an insured driver, signed by the plaintiff and Mrs. Renze. The excluded driver provision was the result of the plaintiff not having a valid driver's license, his license having been suspended in 1978. However, in spite of the endorsement and his not having a valid driver's license, the plaintiff continued to drive the vehicle.

## DISCUSSION

In her motion for partial summary judgment, the defendant contends that the plaintiff is bound by the limited tort selection on Mrs. Renze's automobile insurance policy with Flagship City. The defendant also asserts that the plaintiff is deemed to have selected the limited tort alternative as an owner and operator of an uninsured vehicle at the time of the accident. Lastly, the defendant argues that the plaintiff, as an owner and operator of an uninsured vehicle, should be precluded from recovering economic damages for lost wages and medical expenses from the

defendant. In response, the plaintiff argues that he is entitled to pursue a claim for injuries under a full tort option, and that he is not deemed to have selected the limited tort alternative because he was not an owner of the vehicle nor was the vehicle uninsured.

Initially, we will examine the standard of proof required when passing upon a motion for summary judgment. This court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences and resolving all doubt against the moving party. *Thompson v. Nason Hospital,* 370 Pa. Super. 115, 535 A.2d 1177 (1988). Summary judgment may only be invoked if the record shows there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Young v. Eastern Engineering and Elevator Co.,* 381 Pa. Super. 428, 554 A.2d 77 (1989). Further, the case must be clear and free from doubt before a court should grant summary judgment. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 174-75, 507 A.2d 323, 331 (1986). With these principles in mind, we shall proceed to determine if the granting of summary judgment is proper in this case.

The defendant first argues that under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1705(b)(2), the plaintiff is bound by the limited tort selection on his wife's automobile insurance policy, and may not recover full tort benefits. We agree.

"The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy." 75 Pa.C.S. §1705(b)(2). An "insured" is defined as any individual residing in the household of

the named insured, including a spouse of the named insured. 75 Pa.C.S. § 1705(f). In this case, Mrs. Renze was the named insured who selected the limited tort option on the insurance policy. The plaintiff was the husband of Mrs. Renze and resided with her in the same household. Additionally, the plaintiff was not the owner of any other registered vehicle nor was he a named insured under any motor vehicle insurance policy. These facts lead to the conclusion that the plaintiff was an "insured" person under the MVFRL, and that he is bound by the limited tort option selected by the "named insured."

The plaintiff argues that he is not an "insured" person under the insurance policy because he was specifically excluded from coverage under the policy with Flagship City. Thus, as he contends, he should be able to pursue the full tort alternative as an uninsured person. However, this exclusion only rendered the plaintiff as uninsured with regard to Flagship City's responsibility to provide coverage for him if he operated Mrs. Renze's vehicle. The exclusion did not have any effect on the definition of insured as contained in the MVFRL where the accident is caused by a third party. Therefore, for purposes of the MVFRL, the plaintiff was an insured person, and is bound by the limited tort selection on the Flagship City insurance policy.

In further support of the defendant's argument that the plaintiff is only entitled to recover under a limited tort option, the defendant asserts that the plaintiff is deemed to have selected the limited tort alternative as an "owner" and operator of an uninsured vehicle pursuant to 75 Pa.C.S. §1705(a)(5). This section provides that "an owner of a currently registered private passenger motor vehicle

who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S. §1705(a)(5). In order to accept this argument, we must determine if the plaintiff was an owner of Mrs. Renze's vehicle.

This determination begins with the fact that the vehicle was only titled in Mrs. Renze's name. However, in determining whether an ownership interest exists, Pennsylvania courts look beyond the title and registration to the undisputed facts of the case. *Elder v. Nationwide Insurance Company,* 410 Pa. Super. 290, 295, 599 A.2d 996, 998 (1991). Title ownership is not the sole factor governing eligibility for insurance benefits. *Bethea v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 407 Pa. Super. 57, 59-60, 595 A.2d 122, 123-24 (1991). Whether the vehicle constituted marital property is another factor in determining ownership under the MVFRL. *Id.,* 407 Pa. Super. at 59-60, 595 A.2d at 123-24. Other factors considered have been the frequency of the use of the vehicle and whether the spouses resided together. *Ibarra v. Prudential Property & Casualty Insurance Co.,* 402 Pa. Super. 27, 33, 585 A.2d 1119, 1122 (1991).

The case of *Allen v. Merriweather* presented the issue of whether a husband is entitled to receive first party benefits when he suffers injuries in a motor vehicle accident while operating an uninsured vehicle titled only in his wife's name. 413 Pa. Super. 410, 605 A.2d 424 (1992). The court found that the husband, who resided with his wife and who used the vehicle, had a cognizable property right in the vehicle as well as factual indicia of ownership. *Id.,* 413 Pa. Super. at 415, 605 A.2d at 426.

In this case, it is clear that the plaintiff had a property right in the vehicle and could be considered an owner for purposes of the MVFRL. The plaintiff resided with his wife at the time of the accident and when she purchased the vehicle. The record also indicates that the plaintiff personally used the vehicle at his discretion and was doing so on the date of the instant accident. By virtue of these factors, it is clear that the plaintiff had a cognizable property interest in the vehicle and can be considered an owner for purposes of the MVFRL, albeit as an uninsured owner. Accordingly, since he did not have financial responsibility, the plaintiff is deemed to have selected the limited tort alternative pursuant to 75 Pa.C.S. §1705(a)(5).

Lastly, the defendant contends that since the plaintiff was an uninsured owner of a vehicle and is deemed to have chosen the limited tort option, the plaintiff cannot recover economic damages for lost wages and medical expenses from the defendant. "An owner of a currently registered motor vehicle who does not have financial responsibility . . . cannot recover first party benefits." 75 Pa.C.S. §1714. The term "first party benefits" is defined as "[m]edical benefits, income loss benefits, accidental death benefits and future benefits." *Id.,* section 1702.

The Superior Court of Pennsylvania interpreted these statutes and held that an owner and operator of an uninsured vehicle cannot recover these types of economic damages from a third party tort-feasor where he would be ineligible to recover them from his own insurer. *McClung v. Breneman,* 700 A.2d 495, 497 (Pa. Super. 1997). The *McClung* court concluded that allowing uninsured motorists to recover in this way would lead to an

"absurd result and would be contrary to the purpose of the MVFRL." *Id.* at 498.

As discussed above, the plaintiff was an owner and operator of an uninsured vehicle, and is only entitled to seek the limited tort alternative. Therefore, the plaintiff is precluded from seeking first party benefits in the form of economic damages from the defendant.

Based upon the within discussion, it is the opinion of this court that the plaintiff is deemed to have chosen the limited tort option, was an owner and operator of an uninsured vehicle, and is precluded from recovering first party benefits. Thus, the defendant's motion for partial summary judgment must be granted.

## ORDER

And now, December 21, 1999, for the reasons stated in the foregoing opinion, the motion for partial summary judgment filed by the defendant is ordered granted and the plaintiff is bound by the limited tort alternative of the MVFRL and is precluded from recovering economic damages for lost wages and medical expenses from the defendant.