599 A.2d 996

**William ELDER, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1991.

Filed Nov. 21, 1991.

---

Elizabeth Gray, Philadelphia, for appellant.

Edward J. Carney, Jr., Media, for appellee.

Before JOHNSON, FORD ELLIOTT and HESTER, JJ.

JOHNSON, Judge:

William Elder appeals from an order which granted summary judgment in favor of Nationwide Insurance Company. The issue presented in this appeal is whether 75 Pa.C.S. § 1714 bars recovery of first party benefits, as a matter of law, by a party who no longer owns a vehicle

which nonetheless remained registered in that party's name in Pennsylvania at the time of an accident from which the benefits claim arose. We hold that ownership of a vehicle is a prerequisite to the application of § 1714. We also conclude that Elder has failed to set forth sufficient, specific facts to show that there is a genuine issue of fact warranting a trial. Accordingly, we affirm the order granting summary judgment in favor of Nationwide.

In December of 1988, Elder was struck and injured by a motor vehicle while walking along Chester Pike. He sought recovery of first-party benefits under a policy of insurance issued by Nationwide Insurance Company to his parents. Elder also sought acknowledgement of a potential claim for underinsured motorist benefits. When Nationwide denied the coverages sought, Elder brought suit based upon a claim for first-party benefits under the policy, as well as a claim based upon the Unfair Trade Practices Act, the Consumer Protection Law, and common law fraud and deceit. After pleadings were closed, Nationwide filed a motion for summary judgment.

In its motion, Nationwide relied upon the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1701 *et seq.*, which states, pertinently:

§ 1714. Ineligible claimants

An owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first party benefits.

Nationwide contended that, at the time of the accident from which the claim arose, Elder was the registered owner of an uninsured Buick for which no policy of insurance was in force. Nationwide argued that, therefore, as a matter of law, Elder was ineligible to recover the benefits sought. Elder responded that, although the Buick was registered in his name at the time of the accident, he was no longer the owner. He argued that, therefore, he was not precluded from recovery by § 1714. The trial court granted Nationwide's motion for summary judgment, stating that Elder's assertions regarding ownership are "factually irrelevant to

this matter because only registration is relevant to our inquiry." Opinion of April 11, 1991, at 5. Elder appeals, contending that the trial court erred by granting summary judgment in favor of Nationwide.

In considering the availability of summary judgment, we refer to the Pennsylvania Rules of Civil Procedure, wherein Rule 1035(b) provides that summary judgment:

shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

When determining whether the moving party is entitled to summary judgment, the court must resolve all issues of fact in the light most favorable to the non-moving party and resolve all doubts as to the existence of material facts against the moving party. *MacCain v. Montgomery Hospital*, 396 Pa.Super. 415, 578 A.2d 970 (1990). Additionally, the non-moving party is entitled to the benefit of all reasonable inferences. *Samarin v. GAF Corporation*, 391 Pa.Super. 340, 571 A.2d 398 (1989). Summary judgment may be entered only in cases that are free from doubt. *MacCain*. Finally, a trial court's grant of summary judgment will only be reversed if there has been an error of law or a clear abuse of discretion. *Id.*

Elder contends on appeal that recovery is precluded by § 1714 only if he was the owner of the Buick at the time of the accident from which the claim arises. He argues that whether he was the owner at the time is a question of fact, rendering summary judgment inappropriate. We agree that the language of the statute preconditions its applicability upon the ownership of a currently registered but uninsured vehicle. Furthermore, we have previously recognized the significance of an ownership interest in a vehicle in determining the applicability of § 1714. In *Ibarra v. Prudential Property & Casualty Insurance Company*, 402 Pa.Super. 27, 585 A.2d 1119 (1991), we determined that the claimant was not precluded from recovering first party

benefits by § 1714 where the claimant had no ownership interest in the vehicle in question. In determining that no ownership interest existed, we looked beyond the title and registration to the undisputed facts of the case. Similarly, in *Bethea v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 407 Pa.Super. 57, 595 A.2d 122 (1991), we held that a claimant would be precluded from recovery by § 1714 upon a finding of sufficient "ownership interest" notwithstanding that she was not listed as the owner on the title or registration.

We recognize that the issue presented by both *Ibarra* and *Bethea* involved the *extension* of the preclusive effect of § 1714 to persons not named on the title or registration. The instant case, by contrast, involves the issue of whether the preclusive effect of § 1714 necessarily applies to the *record* owner. However, both *Ibarra* and *Bethea* make clear, as does the language of the statute, that the applicability of § 1714 turns upon a claimant's actual ownership interest in an uninsured, registered vehicle. *Kresge v. Keystone Insurance Company*, 389 Pa.Super. 548, 567 A.2d 739 (1989), relied upon by the trial court in granting summary judgment, does not compel a different result. There, we held that § 1714 applied regardless of whether the claimant still *possessed* the vehicle, and regardless of whether the vehicle was operable. Nowhere does the *Kresge* court state that the claimant alleged *non-ownership* of the vehicle in question; indeed, in rejecting the claimant's argument, the focus was on the unworkability of making § 1714's applicability dependent upon degrees of inoperability or degrees of dispossession. *Kresge*, 389 Pa.Super. at 551–52, 567 A.2d at 739.

Nationwide correctly points out that, in *Kresge*, we stressed that § 1714 admits of no exceptions. *Kresge*, 389 Pa.Super. at 552, 567 A.2d at 740. However, our holding today does not create an exception to the statute; rather, it recognizes a precondition to the statute's applicability which is set forth in the statute itself. Accordingly, we conclude that the trial court's determination that Nationwide was

entitled to summary judgment irrespective of ownership of the vehicle in questions was erroneous.

Having determined that ownership of the Buick is material to a determination regarding the applicability of § 1714, we next look to whether Nationwide was, nevertheless, entitled to summary judgment as a matter of law. It is well-settled that an order of the trial court may be affirmed on appeal where it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court. *Leasing Service Corporation v. Benson*, 317 Pa.Super. 439, 464 A.2d 402 (1983).

In its motion for summary judgment, Nationwide alleged that, at the time of the accident, the Buick had been registered in Elder's name in Pennsylvania, and that no transfer of title or change of registration had been filed in Pennsylvania with respect to that vehicle. Nationwide also alleged that the Buick was uninsured the day of the accident. Each of these allegations was admitted in Elder's response.

In response, Elder contended that whether he was the owner of the Buick is a question of fact yet to be determined. In support, Elder directs our attention to his deposition, and the supporting "affidavits" of John Carey and Thomas Ellis. Those documents establish that Elder received title to the Buick from his parents in January of 1988. Shortly thereafter, the car was damaged in an accident. Elder then gave the car to John Carey, a friend. Neither Elder nor Carey made any attempt to transfer the title or registration. Carey drove the vehicle for a couple weeks, but, when the car wouldn't start, he left it parked near his home in the 400 block of Pine Street in Darby Borough. The car remained parked for a couple months. Eventually, the car was "red stickered" by local authorities, indicating that the vehicle was considered abandoned pursuant to the Abandoned Vehicle and Cargo Act, 75 Pa.C.S. § 7301 *et seq.* In March, Elder went to check on the Buick, but it had been removed. Neither Elder nor either affiant

knows who took possession of the vehicle, despite having made inquiries with the local police.

In support of his contention that his ownership of the vehicle is still in question, Elder directs our attention to the Abandoned Vehicle and Cargo Act, which provides the following: "Upon written request of a police department, a salvor shall take possession of and remove ... any abandoned vehicle...." 75 Pa.C.S. § 7301(c). Any salvor taking possession of an abandoned vehicle under that section is to report information regarding the vehicle to the department. 75 Pa.C.S. § 7304. The report is to state whether the vehicle has any value other than as junk. *Id.* Where the vehicle has value, the department is required to provide notice via certified mail to the registered owner, 75 Pa.C.S. § 7305(a), and that notice is to inform the owner of his right to reclaim the vehicle within 30 days after the date of the notice. 75 Pa.C.S. § 7305(b)(3). Where the vehicle having value is not reclaimed, it is to be sold at a public auction and the salvor is required to apply for a certificate of title which shall be free and clear of all previous claims of ownership. 75 Pa.C.S. § 7308(a), (b). On the other hand, where the vehicle is valueless except as junk, the salvor is to so report to the department, and the salvor is to apply for a certificate of junk, issuance of which divests the owner of all rights, title and interest in the vehicle. 75 Pa.C.S. § 7309(a), (d).

Therefore, the "owner" is divested of ownership where 1) the vehicle is sold and a new certificate of title is issued, or 2) where a certificate of junk is issued. Elder contends that, pursuant to § 7305(b)(3), divestment of ownership also occurs upon failure to reclaim a vehicle within 30 days. He urges that if the Buick was taken by the authorities in February or March of 1988, his rights to the vehicle expired some time in March or April. He concludes that, by December of that year, he was no longer the owner of the Buick although it was still registered in his name.

Our reading of the Abandoned Vehicle and Cargo Act does not support Elder's initial argument as to non-

ownership. We do not read the provision which extends the right to reclaim the vehicle within 30 days as automatically terminating ownership rights at the end of that period. Were we to so conclude, the language of § 7308(b) and § 7309(d), divesting title upon issuance of a new certificate of title or upon issuance of a certificate of junk, would be rendered superfluous. We are not inclined to draw inferences from one section of the Act which would render the express provisions of another section meaningless. Accordingly, we hold that an owner is not divested of title merely upon failure to reclaim a vehicle within 30 days of notice under the Abandoned Vehicle and Cargo Act.

Elder argues in the alternative that he may have been divested of ownership by the issuance of a certificate of junk or the issuance of a new title. Nationwide responds that Elder has no personal knowledge of the car's fate or that such certificates have ever been issued as to this vehicle. Nationwide argues that summary judgment cannot properly be denied based on "assumptions" that such certificates were issued.

 The Rules state that, in resisting a motion for summary judgment, a party:

> "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.*"

42 Pa.R.C.P. 1035(d) (emphasis added). The purpose of the rule is to allow the moving party to "pierce the pleadings," thus requiring the non-moving party to disclose the facts of his claim or defense. *Samarin, supra,* 391 Pa.Super. 340, 571 A.2d 398 (1989) (citing *Roland v. Kravco, Inc.,* 355 Pa.Super. 493, 501, 513 A.2d 1029, 1034 (1986), *appeal denied,* 517 Pa. 599, 535 A.2d 1058 (1987)).

In *Samarin,* affidavits were presented by the non-moving party to establish that materials involved in the case were composed of asbestos. Those affidavits set forth that the product in question had been subjected to and had with-

stood high temperatures, consistent with asbestos. In holding that this was insufficient to resist a motion for summary judgment, we held that, "without more facts, it is not reasonable for the trial court to infer that these products *must* have contained asbestos because they were heat resistant. The same facts could lead to the inference that the heat resistant products contained other heat resistant materials; therefore there was insufficient foundation for a jury to infer by a preponderance of the evidence that the heat resistant products used at B & W contained asbestos." *Samarin*, 391 Pa.Super. at 350, 571 A.2d at 404 (emphasis in original).

A similar issue presents itself in the case at bar. Although the documents brought forth by Elder are consistent with the conclusion he sought, it cannot be said that those facts, even given the benefit of all reasonable inferences, establish that a certificate of title or certificate of junk was ever issued for the Elder's vehicle. Indeed, the facts presented are as consistent with the vehicle having been stolen, rather than towed.

In reaching our conclusion, we realize that the "quantum of evidentiary facts which must be adduced to preclude summary judgment is not the same as required ... at trial...." See, *McFadden v. American Oil Company*, 215 Pa.Super. 44, 257 A.2d 283 (1969) (*en banc*) (evidence presented by non-moving party to establish fraud need not rise to a level of clear and convincing, although that is the standard to be applied at trial). However, the evidence must reasonably support the inference sought to be drawn therefrom in order that the non-moving party may resist a motion for summary judgment. The facts presented in the case at bar cannot be said to rise to such a level.

For the foregoing reasons, we affirm the order granting summary judgment in favor of Nationwide Insurance Company.

Order affirmed.