## Gibson v. Gibson

*James Stranahan,* for plaintiff.
*George H. Rowley,* for defendant.

FORNELLI, *P.J.,* May 3, 1993—This is a negligence action by Paula Gibson arising out of an accident on August 5, 1991, between a vehicle operated by the defendant, Keith Gibson, and the plaintiff, Paula Gibson, as a pedestrian. The parties disagree as to the contact between the defendant's vehicle and the plaintiff's person.[1] Plaintiff alleges that the proximate result of this contact was the damages suffered by the plaintiff, including a fractured right shoulder which required the surgical insertion of a pin. (Complaint at para. 7(a).)[2]

---

1. The plaintiff alleges that "the vehicle operated by the defendant struck plaintiff violently, throwing her onto the ground..." (complaint at para. 5) while the defendant contends the plaintiff "fell to the ground after throwing herself against the vehicle" (answer at para. 5).

2. In her response to defendant's motion for summary judgment plaintiff alleged she "sustained a broken clavicle and had two pins inserted in her shoulder after surgery" and that "[h]er right arm

The defendant filed an answer and new matter to plaintiff's complaint in which defendant alleged that "plaintiff's recovery is limited by the provisions of the Motor Vehicle Financial Responsibility Act (hereinafter MVFRA)," 75 Pa.C.S. §1701 et seq. (Answer and new matter at para. 10.) Currently before this court is defendant's motion for summary judgment, requesting plaintiff be barred recovery for pain and suffering and other non-monetary damages resulting from plaintiff's alleged injuries.

Rule 1035 of the Pa. Rules of Civil Procedure provides, "[A]n entry of summary judgment may be granted only in cases where the right is clear and free from doubt." *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 174-75, 507 A.2d 323, 331 (1986) (citing collected cases). Under Rule 1035(b) "summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law." *Id.* at 175, 507 A.2d at 331.

Defendant relies on the MVFRA, 75 Pa.C.S. §1701 et seq., to prohibit plaintiff's recovery of damages. The MVFRA provides a person obtaining or retaining automobile insurance with two alternatives when selecting insurance coverage, i.e., a full tort option or a limited tort option. These options are explained in section 1705(c) and (d) in relevant part, as follows:

"(c) *Full tort alternative*—Each person who is bound by the full tort election remains eligible to seek com-

---

was immobilized in a sling for six weeks." (Plaintiff's response to para. 4.)

pensation for non-economic loss [i.e. pain and suffering and other non-monetary damages] claimed and economic loss [i.e. medical and other out-of-pocket expenses] sustained in a motor vehicle as the consequence of the fault of another person pursuant to applicable tort law.

"(d) *Limited tort alternative*—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law."

Defendant first contends that pursuant to 75 Pa.C.S. §1705(a)(5), the plaintiff is deemed to have chosen the limited tort option. Section 1705(a)(5) provides that:

"An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative."

In support of this contention defendant avers that at the time of the accident in question the plaintiff was the "owner" of a 1989 Dodge Daytona automobile, which was not insured at the time of the accident in question,[3]

_____

3. Defendant relies on plaintiff's deposition testimony as evidence of plaintiff's ownership of this vehicle and plaintiff's failure to maintain insurance on this vehicle. It is unclear from plaintiff's deposition testimony whether the plaintiff admitted to being "owner" or the "registered owner" of the 1989 Dodge Daytona. This ambiguity in the plaintiff's deposition testimony was the result of a compound question asked by the defendant and transcribed as follows:

*Q:* "I would like to clarify some answers that you gave to interrogatories that I directed to you.

and therefore must be deemed to have elected the limited tort option under section 1705(a)(5).

In her response to defendant's motion for summary judgment, plaintiff only acknowledged that she was the "registered" owner of the 1989 Dodge Daytona and that she had not procured insurance for said vehicle at the time of the accident. Further, plaintiff argues that she cannot be deemed to have elected the limited tort option under the circumstances described in the affidavit to her response.[4] It is evident from the plaintiff's reply to defendant's motion for summary judgment and by her attached affidavit that the parties disagree as to whether the plaintiff was the owner of the 1989 Dodge Daytona.

The legislature has defined "owner" in the Motor Vehicle Code, 75 Pa.C.S. §102, as the following:

"A person other than a lienholder, having the property right in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security."

---

"As I understand it, at the time of the accident, you owned, you were the registered owner of, a 1989 Dodge Daytona automobile, is that correct?"

A: "That's correct."

4. Plaintiff alleges in this affidavit that she had abandoned said vehicle because her car payments had lapsed and therefore, she was in default. Plaintiff also stated that the credit department of the bank was entitled to and had indicated its intention to repossess the vehicle. Finally, plaintiff averred that title reverted to the bank which was the legal owner of the vehicle.

In *Occidental Fire & Casualty Co. of North Carolina v. Brocious,* 772 F.2d 47, 49 (3rd Cir. 1985) (citing *Semple v. State Farm Mutual Automotive Co.,* 215 F. Supp. 645, 647 (E.D. Pa. 1963)) the court stated that certificate of title and registration of a vehicle is some indicia of ownership but is not conclusive.

The Pennsylvania Superior Court in *Elder v. Nationwide Insurance Co.,* 410 Pa. Super. 290, 599 A.2d 996 (1991), held that "ownership of a vehicle is a prerequisite to the application of" 75 Pa.C.S. §1714. Section 1714 of the MVFRA provides in pertinent part that "[a]n owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first-party benefits." This language is analogous to the language provided in 75 Pa.C.S. §1705(a)(5), and this court also finds ownership of a vehicle to be a prerequisite to the application of section 1705(a)(5) of the MVFRA.

The plaintiff by her response to defendant's motion for summary judgment and her attached affidavit has set forth facts raising the question of whether she was the owner of the 1989 Dodge Daytona at the time of the accident in question. The issue of ownership is a genuine issue of material fact since "it directly effects the disposition of" this case. 6 Standard Pennsylvania Practice 2d §32:9 at 214 (1982) (citing collecting cases n.66). "[T]he party who brought the motion has the burden of proving that no genuine issue of fact exists." *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 176, 553 A.2d 900, 903 (1989). Consequently, the question of ownership is an issue of fact which if it remains disputed must be determined by a jury.

Defendant next argues in his motion for summary judgment that the plaintiff did not suffer a serious injury in the accident involving the parties and therefore, may not recover damages for non-economic loss pursuant to an exception in 75 Pa.C.S. §1705(d).[5] Section 1705(d) of the MVFRA provides that a person who is bound by the limited tort election shall be precluded from maintaining an action for any non-economic loss "[u]nless the injury sustained is a serious injury." A "serious injury" has been defined under 75 Pa.C.S. §1702 in relevant part as "[a] personal injury resulting in ... serious impairment of body function..."

Before a determination can be made whether plaintiff suffered a serious injury under the above-mentioned definition we must first decide whether this question is one of fact for the jury or a question of law for the judge. This court has failed to find Pennsylvania case law illuminating this issue, but Pennsylvania's MVFRA definition of "serious injury" was modeled after and is in fact a verbatim enactment of the threshold language provided in Michigan's No-Fault Auto Insurance Act. Comment, *The 1990 Auto Insurance Law: An Analysis of "Bad Faith" and the "Limited Tort Option,"* 29 Duq. L. Rev. 619, 642-43 (citing Leonard A. Sloane, *Penn-*

5. Plaintiff avers in her response to defendant's motion for summary judgment that she did suffer a serious injury as defined under the MVFRA. Also, plaintiff contends in her brief that the question "[w]hether a broken clavicle is a 'serious injury' is a jury question, and the motion for summary judgment should not be sustained." (Plaintiff's brief opposing summary judgment at 2.)

*sylvania's Optional Threshold,* 8 Pennsylvania Automobile Insurance Law 75 (Trial Advocacy Foundation of Pennsylvania, 8th ed. 1990) and quoting Mich. Comp. Laws §500.3135 (1973), n. 107-11).

The Michigan legislature enacted its no-fault language in 1973, and since that time our sister state's Supreme Court has vacillated in determining whether this question is a matter of law or fact for the jury. Currently, the Michigan Supreme Court has followed its ruling in *DiFranco v. Pickard,* 427 Mich. 32, 91, 398 N.W. 2d 896, 925 (1986), which held that the trier of fact should determine whether the plaintiff suffered a serious impairment whenever the evidence would cause reasonable minds to differ.

This court chooses to follow the Michigan Supreme Court's present interpretation in this case. The determination of whether an impairment of bodily function is serious requires a subjective analysis of the facts and reasonable minds may differ in deciding whether plaintiff's injury was serious. This court finds that this determination is better left to the trier of fact.[6]

The plaintiff raises by way of new matter with her responses to defendant's motion for summary judgment the allegation that defendant intentionally injured the plain-

---

6. This court also finds persuasive, evidence that the Pennsylvania legislature either rejected or deleted proposed language in amendments to House Bill 121, which would have clearly designated this threshold determination a question of law to be determined by a judge. See comment, *supra,* at 654-55.

tiff, "thereby entitling plaintiff to full tort coverage" under an exception to limited tort coverage provided in 75 Pa.C.S. §1705(d)(1)(iii). (Plaintiff's response and new matter at para. 5.) Due to the aforementioned rationale this court does not reach this issue.[7]

Hence, this

## ORDER

And now, May 3, 1993, defendant's motion for summary judgment is denied.

---

7. This court takes cognizance that plaintiff failed to plead in her complaint that the defendant intentionally injured her and therefore, unless and until plainitiff's complaint is amended to allege that defendant acted intentionally in hurting plaintiff's shoulder, we will not consider this exception.