**Robert CASE, Appellant,**

v.

**LOWER SAUCON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Jan. 4, 1995.

---

Robert Eyer, for appellant.

Blake C. Marles, for appellee.

Before COLINS, President Judge, and NEWMAN, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert Case appeals from the order of the Court of Common Pleas of Northampton County that granted summary judgment to Lower Saucon Township (Township) and denied Case's motion for summary judgment. We affirm.

Case worked as a dispatcher for the Township. On November 29, 1989, Case and ten other non-uniform employees signed an employment agreement (Agreement).[1] The term of the Agreement was January 12, 1990 through December 31, 1992. The Agreement contained various provisions regarding rates of compensation, employee benefits, vacation leave, sick leave policy and paid holidays.

---

1. The Agreement which contains many characteristics of a collective bargaining agreement, is *not* described as such in the pleadings. This group of employees does not constitute a labor organization formally recognized by the municipal government or the Pennsylvania Labor Relations Board. *See* Trial court opinion at 2, n. 1.

Article I, Section D of the Agreement (management prerogative clause) provided in pertinent part:

> All matters of inherent managerial policy and practice are reserved exclusively to the Township in accordance with the Township's responsibilities, power and authority; the enumeration of employee rights expressly contained in the agreement is not intended to be nor shall be considered restrictive or a waiver of the Township's inherent managerial policy and practice not so enumerated herein.

(244a.)

In August 1990, Case had a heated discussion with a co-worker and as a result of this argument, received a one-day suspension. Four or five days later, Case, while at work, related the account of his suspension to a friend who was a reporter for a local newspaper. Given the option to resign, which he refused, the Township terminated Case's employment. Claimant filed for unemployment compensation benefits which were eventually granted. The Unemployment Compensation Board of Review (UCBR) found that Claimant's conduct was not willful misconduct connected to his work, which would deny the eligibility of benefits.

█ Case then filed a breach of contract action in common pleas court against the Township. Following the close of pleadings and discovery, the parties filed cross-motions for summary judgment. Case sought summary judgment on the basis that the Township was collaterally estopped from asserting that his conduct was willful misconduct which could justify his termination because of the UCBR's decision. The Township sought summary judgment on the basis that Case was an at-will employee and could not seek redress from the courts for his termination. The trial court granted the Township's motion. Case now appeals to this Court.[2]

First, Case argues that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether or not Case was an at-will employee.

█ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. No. 1035. The moving party has the initial burden of proving that no genuine issue of material fact exists. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). However, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Pa.R.C.P. No. 1035(d). A properly supported motion for summary judgment may "pierce the pleadings" and require the non-moving party to disclose the facts on which is or her claim is based. *Elder v. Nationwide Insurance Co.*, 410 Pa.Superior Ct. 290, 298, 599 A.2d 996, 1000 (1991).

█ Case characterizes the issue of an at-will employee as one of fact. However, the issue of an at-will employee turns on the interpretation of the contract. The interpretation of a contract is a matter of law to be decided by this Court. *Grant v. Southwestern Pennsylvania Water Authority*, 144 Pa.Commonwealth Ct. 638, 601 A.2d 1359 (1992). Case argues that because he is a party to the Agreement, with a specific term, that he is not an at-will employee, relying on *Rutherfoord v. Presbyterian University Hospital*, 417 Pa.Superior Ct. 316, 321, 612 A.2d 500, 503 (1992), which states:

> The clearest manner in which a party can overcome the at-will doctrine is where the employer and the employee have entered into a contract which expresses a definite term of employment *and* forbids discharge in the absence of 'just cause' *or* without first utilizing an internal dispute resolution mechanism. (Emphasis added.)

However, the trial court found that the Agreement between the Township and Case did not contain a promise by the Township to employ Case for a definite term but only that

---

**2.** On appeal, the reviewing court should reverse an order granting summary judgment only if there has been an error of law or a manifest abuse of discretion. *J.R.W., Inc. v. Manchester Borough Council*, 148 Pa.Commonwealth Ct. 238, 610 A.2d 1078 (1992).

the Agreement established a definite term for its existence. We hold this finding is supported by substantial evidence because of the management prerogative clause set forth in Article I, Section D of the Agreement.

Even if we held that the term did not allow firing without "just cause," the Agreement has no "just cause" provision; and in order for the dispute resolution mechanism to be triggered, the employee must point to some alleged violation of the Agreement by Employer. Case's only allegation of a violation is that the term of the Agreement has not expired. However, because the trial court found, as supported by evidence, that the term did not apply to Case's termination, Case has failed to establish a violation of the Agreement to trigger the *Rutherfoord* analysis.

Next, Case asserts that the Township is collaterally estopped from defending its termination of him because the UCBR found that he was eligible for benefits. We do not agree.

Collateral estoppel will preclude review of an issue when (1) an issue decided in a previous adjudication is identical to the issue presented in the present controversy; (2) there was a final judgment on the merits; (3) the party against whom the estoppel claim is made was a party, or was in privity with a party to the previous adjudication; and (4) the party had a full and fair opportunity to litigate the issue in the previous action.

*Lehigh Valley Power Committee v. Pennsylvania Public Utility Commission,* 128 Pa.Commonwealth Ct. 259, 563 A.2d 548 (1989).

Case's collateral estoppel argument is faulty for several reasons. One, the issue decided by the UCBR is not identical to the issue presented in the case before us and two, Case erroneously assumes that the Township was required to establish willful misconduct before it terminated him. Clearly, because of the Agreement's managerial prerogative provision that allows termination at will, collateral estoppel on the issue of willful misconduct does not apply here.

Accordingly, we affirm.

*ORDER*

AND NOW, this 4th day of January, 1995 the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.