414

C.P. of Dauphin County, no. 1144 S 1990.

*Robert S. Mirin,* for plaintiff.
*Thomas B. Schmidt III* and *Amy Griffith Daubert,* for defendant.

*EN BANC,* KLEINFELTER, LEWIS AND CLARK, *JJ.*

LEWIS, *J.,* May 31, 1996—On March 26, 1988, plaintiff Alan Bolyard experienced something peculiar while drinking a 16-ounce, bottle of Coca-Cola, America's favorite soft drink. Plaintiff alleges that a nozzle piece, a part of machinery used in the bottling process, became lodged in his throat. Plaintiff claims that he lost consciousness due to the blockage in his throat, was shaken and nervous, had difficulty and pain in swallowing, and was unable to speak following the incident.

Less than five months later on August 13, 1988, yet another event took place while plaintiff was drinking a different 16-ounce bottle of Coca-Cola Classic. Allegedly, a fragment of glass which appeared to be from the bottom of the bottle, settled in his throat. Plaintiff claims that he sustained a surface cut on his tongue as a result of the incident.

On March 22, 1990, plaintiff filed a writ of summons against the defendants. On April 27, 1990, he filed a complaint. On June 8, 1990, defendant Coca-Cola Company filed its answer with new matter to the complaint, denying any liability for plaintiff's alleged injuries on the basis that it does not bottle, sell or distribute the soft drink Coca-Cola. Rather, Coca-Cola Company averred that it is only responsible for the sale of Coca-Cola concentrate to the bottlers. Thereafter, defendant Coca-Cola Company filed the present motion for summary judgment. Argument on this issue was heard before an en banc panel of this court on March 28, 1996, and, for the reasons set forth below, summary judgment is granted.

Summary judgment may only be granted when the pleadings, depositions, answers to interrogatories, ad-

missions on file and affidavits, taken together and viewed in a light most favorable to the non-movant, exhibit that there is no genuine issue of material fact. Pa.R.C.P. 1035; *Elder v. Nationwide Insurance Co.,* 410 Pa. Super. 290, 599 A.2d 996 (1991). Moreover, it must be clear and free from doubt that summary judgment is warranted, and any doubt is resolved in favor of the non-movant. *American States Insurance Co. v. Maryland Casualty Co.,* 427 Pa. Super. 170, 628 A.2d 880 (1993).

Defendant Coca-Cola Company contends that summary judgment should be granted because the claims arising from the incident allegedly occurring on March 26, 1988, are barred by Pennsylvania's two year statute of limitations. Defendant argues that because plaintiff's complaint was not filed until April 27, 1990, the claims are barred pursuant to 42 Pa.C.S. §5524(2), (7) (1990) which provides for a two year statute of limitations for personal injury actions. However, plaintiff asserts that he filed a writ of summons with the Dauphin County Prothonotary on March 22, 1990, thus commencing the action.

The Pennsylvania Rules of Civil Procedure provides that:

"An action may be commenced by filing with the prothonotary

"(1) a praecipe for a writ of summons, or

"(2) a complaint." Pa.R.C.P. 1007.

Because plaintiff filed a praecipe for a writ of summons on March 22, 1990, and thus commenced the action within the two year statute of limitations pursuant to Pa.R.C.P. 1007, summary judgment based on this contention is denied.

Defendant Coca-Cola Company next contends that plaintiff has failed to establish a causal connection between its product, Coca-Cola syrup/concentrate, and plaintiff's alleged injuries as required by the causes of action alleged in his complaint. This court concurs.[1]

In order to recover on a claim based on strict product liability or negligence, the plaintiff must establish that the product of a particular manufacturer caused his injuries. *DeWeese v. Anchor Hocking,* 427 Pa. Super. 47, 628 A.2d 421 (1993). "Summary judgment is proper when the plaintiff has failed to establish that the defendant's products were the cause of plaintiff's injury." *Id.* at 52, 628 A.2d at 423, citing *Eckenrod v. GAF Corp.,* 375 Pa. Super. 187, 191, 544 A.2d 50, 52 (1988), *alloc. denied,* 520 Pa. 605, 553 A.2d 968 (1989).

In plaintiff's complaint, he admits that during the first incident it was an object used in the bottling process that stuck in his throat. Further, he alleges that during the second incident, the object that lodged in his throat was a piece of glass which appeared to be from the bottom of a bottle. Therefore, it is the bottling process that plaintiff advances as the cause of his injuries.

The deposition testimony of plaintiff further evidences his claim that the harm he suffered on the two occasions was the result of the bottling process. In his testimony, plaintiff Bolyard links defendant Coca-Cola Company to the bottling process, thereby attempting to establish a causal connection between that defendant and his injuries. However, plaintiff Bolyard also admitted that he has no evidence to dispute de-

1. Defendant's argument that the "causes of action" of negligent infliction of emotional distress and punitive damages, as pleaded in plaintiff's complaint, should be dismissed will not be addressed based on this court's granting of summary judgment.

fendant Coca-Cola Company's position that it is solely a manufacturer and seller of Coca-Cola concentrate or syrup.

Plaintiff argues that defendant Coca-Cola Company's negligence can be proved circumstantially under the doctrine of res ipsa loquitur because the evidence is sufficient to sustain factual inferences that plaintiff's injuries were caused by the negligent conduct of both defendant Coca-Cola Company and defendant Mid-Atlantic Coca-Cola Bottling Company.

The doctrine of res ipsa loquitur, as articulated in Section 328D of the Restatement (Second) of Torts, was adopted by the Pennsylvania Supreme Court in *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974). In that case, the court held that a jury is permitted to infer that the harm suffered by the plaintiff is caused by negligence of the defendant when:

"(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

"(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

"(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." *Id.* at 613, 327 A.2d at 100.

In *Gilbert,* the Supreme Court held liable both the store operator and the manufacturer for injuries sustained when a boy's foot became lodged in the store's escalator. The court held that both the store operator and the manufacturer were liable for the boy's injuries. In that case, the defendant escalator installer undertook a specific contractual duty to "regularly and systematically examine, adjust, lubricate as required, and if, *in our judgment,* conditions warrant, repair or replace"

worn or unsafe parts. *Id.* at 616 n.33, 327 A.2d at 102 n.33. (emphasis in original)

Plaintiff cites *Gilbert* for the proposition that a contract between a manufacturer and a customer is enough to hold both liable. Plaintiff asserts that because defendant Coca-Cola Company and defendant Mid-Atlantic Bottling Company entered into a master bottle contract, defendant Coca-Cola Company would be liable to plaintiff. However, the contract provides that Coca-Cola representatives *are permitted* on Mid-Atlantic premises to inspect the plant, equipment and methods used by Mid-Atlantic to ascertain whether the bottler is complying with the instructions and standards prescribed for in the manufacturing, handling, storage and packaging of the beverages. The master bottle contract creates no obligation on the part of defendant Coca-Cola Company to inspect Mid-Atlantic's premises or to supervise the bottling process, it simply allows them to do so. In no way does the master bottle contract create a duty on defendant Coca-Cola Company for the manufacture, packaging and distribution of the finished product, the Coca-Cola soft drink.

The facts in this case differ from the facts in *Gilbert* in which the defendant escalator installer undertook a specific contractual obligation to inspect, service, repair and maintain the escalator. *Id.* at 617, 327 A.2d at 102. In this case, the terms of the master bottle contract do not create a duty on defendant Coca-Cola Company to inspect defendant Mid-Atlantic's premises and supervise the bottling process. Plaintiff has failed to demonstrate any causal connection between defendant Coca-Cola Company's alleged breach of its duties under the master bottle contract and the injuries pleaded by the plaintiff. Therefore, summary judgment is warranted in this case.

420

Accordingly, the following is entered:

ORDER

And now, May 31, 1996, it is hereby ordered that summary judgment is granted as to defendant Coca-Cola Company.