## Arnoul v. Wallenpaupack School District Board of Directors

C.P. of Pike County, no. 1226-1995.

*Jack G. Lindshaw,* for plaintiff.
*Paul E. Smith,* for defendant.

THOMSON, *P.J.,* March 21, 1997—This opinion addresses defendant Board of Directors of the Wallenpaupack School District's motion for summary judgment. Argument was held on February 24, 1997. Briefs have been filed and this matter is ripe for adjudication.

## FACTS

Plaintiff Kenneth Arnoul instituted suit against the defendant Board of Directors of the Wallenpaupack Area

School District for personal injuries sustained while playing volleyball in physical education class at Wallenpaupack High School. The plaintiff incurred the injuries after hitting the ball and falling backwards onto the handle of a winch attached to a metal stanchion.[1] The volleyball net threaded through eyes on the stanchion. The winch served to pull the net tight.

The defendant has raised the defense of governmental immunity pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8501 et seq. The parties do not dispute that the Wallenpaupack Area School District is a local agency as defined in 42 Pa.C.S. §8501. The parties also agree that as a local agency, the Wallenpaupack Area School District is immune from the plaintiff's suit under the Political Subdivision Tort Claims Act unless the plaintiff can establish a defect of the defendant's real property. 42 Pa.C.S. §8542(b)(3).

The narrow issue presented in this case is whether the metal stanchion and attached winch constitute a part of the defendant's real property or are personalty.

## DISCUSSION

The standard for granting summary judgment provides as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

---

1. Stanchion: An upright bar, post or support.

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." 42 Pa.C.S. §1035.2.

The explanatory comment to Rule 1035.2 states that, "The essence of the revision set forth in new Rule 1035.2 is that the motion for summary judgment encompasses two concepts: (1) the absence of a dispute as to any material fact and (2) the absence of evidence sufficient to permit a jury to find a fact essential to the cause of action or defense."

The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). Summary judgment should be granted only when the right is clear and free from doubt. *Elder v. Nationwide Insurance Co.,* 410 Pa. Super. 290, 599 A.2d 996 (1991).

In determining whether a case is free from doubt and whether the moving party has met his burden, the court must examine the record in the light most favorable to the non-moving party, giving him the benefit of all reasonable inferences from the record. *Id.* The court must accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 440 A.2d 616 (1982). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson, supra.*

The Political Subdivision Tort Claims Act provides that:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of an injury to a person or property caused by an act of the local agency or an employee thereof, or any other person." 42 Pa.C.S. §8541.

The real property exception to the general rule provides that liability may be imposed for acts arising out of, "[t]he care, custody or control of real property in the possession of a local agency . . . ." 42 Pa.C.S. §8542(b)(3). However, exceptions to governmental immunity are to be narrowly interpreted, "given the expressed legislative intent to insulate political subdivisions from tort liability." *Mascaro v. Youth Study Center,* 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987).

Under the real estate exception to 42 Pa.C.S. §8541, the determination of whether the property is realty or personalty is based on the test enunciated in *Canon-McMillan School District v. Bioni,* 127 Pa. Commw. 317, 320, 561 A.2d 853, 854 (1989):

"Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty . . . . Second, those which are so annexed to the property, that they cannot be removed without material injury to the real estate or to themselves; these are realty . . . . *Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending on the intention of the parties at the time of annexation . . . ."* (emphasis added)

The stanchion falls into the third category. Therefore, the determination as to whether the stanchion is realty or personalty is to be based on facts demonstrating the intent of the owner at the time of annexation. *Wilson v. Ridgway Area School District,* 141 Pa. Commw. 607, 613, 596 A.2d 1161, 1164 (1991).

The deposition testimony of physical education teacher Ann Pietrobon illustrates the intended use of the stanchion. She testified that the net and stanchions are stored in the gym closet and used for certain physical education classes such as badminton or volleyball. D.T. of Ann Pietrobon, p. 72, ll. 5-13. The stanchions are secured to the floor via a bolt on the bottom of the standard that threads into a floor anchor. P. 72, ll. 1-4. The net is passed through eyes on the stanchion and pulled tight by the winch. P. 72, ll. 1-4.

The stanchions thread into a receptacle that is recessed into the floor. P. 74, ll. 11-15. When the stanchions are not in use, a small plate springs up to cover the receptacle and becomes level with the floor. P. 74, ll. 16-22. There is no damage to the gym floor or the stanchions upon their removal. P. 74, ll. 20-22.

The greatest amount of time that the stanchions are in use is one full school day. P. 75, ll. 5-11. When the stanchions are not in place, the gym floor is used for a variety of other purposes including basketball games. P. 75, ll. 1-4.

Under these facts, it is clear that the defendant never intended the stanchions to become a permanent part of the real estate. The stanchions are temporarily affixed to the floor and easily removed without damaging themselves or the realty. We therefore find, as a matter of law, that the stanchions and the attached winch are personalty, and that the plaintiff's cause of action against the defendant does not fall within the real property

38

exception to governmental immunity. See *Canon-McMillan School District v. Bioni, supra* at 322, 561 A.2d at 855. Accordingly, we enter the following order:

## ORDER

And now, March 21, 1997, upon consideration of defendant Board of Directors of the Wallenpaupack Area School District's motion for summary judgment, plaintiff Kenneth Arnoul's answer, briefs and depositions filed thereto, argument held thereon, defendant's motion is hereby granted. Judgment is hereby entered in favor of the defendant Board of Directors of the Wallenpaupack School District and against the plaintiff Kenneth Arnoul.