LEHIGH VALLEY HOSPITAL,
Appellant,

v.

The COUNTY OF MONTGOMERY and
Frank P. Lalley, Sheriff of the
County of Montgomery.

Commonwealth Court of Pennsylvania.

Argued April 12, 2000.
Decided Feb. 9, 2001.

Oldrich Foucek, III, Allentown, for appellant.

Michael P. Creedon, Norristown, for appellees.

Before KELLEY, Judge, FLAHERTY, Judge (P.), and RODGERS, Senior Judge.

FLAHERTY, Judge.

Lehigh Valley Hospital (Hospital) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) which granted the motion for summary judgment filed by the Appellees, the County of Montgomery (County) and Frank P. Lalley, Sheriff of the County (Sheriff). We affirm.

On September 6, 1996, Robert Streisel (Streisel) was operating a vehicle when he ran a red light and struck another vehicle. Streisel was transported by air ambulance to Hospital, where he was admitted. Streisel was unconscious until September 12, 1996. On that same day, an arrest warrant was issued and Streisel was arraigned at bedside. Following the arraignment, Sheriff's department assigned a deputy to guard Streisel. Streisel remained in the Hospital until his discharge on September 21, 1996.

Determining that Streisel did not have medical insurance, Hospital forwarded a preliminary bill for Streisel's medical services to Sheriff's department. Helene Friedman (Friedman), office manager for Sheriff's department, called Sandra Colon (Colon), on September 17, 1996, and asked that Hospital discount the bill for services rendered to Streisel. During the telephone conversation, Friedman advised Colon that she did not know if either County or Sheriff would take responsibility for the bill. On September 19, 1996, Friedman again called Colon, at which time Colon advised Friedman that Hospital would discount the bill of Hospital by thirty-five percent. During the September 19, 1996 telephone conversation, according to Colon, Friedman advised her that County would accept responsibility for the pay-

ment of Streisel's bill. In a letter dated that same date addressed to Friedman, Colon confirmed that Hospital would discount Streisel's hospital bill by thirty-five percent.

On October 22, 1996, Hospital submitted its final bill in the amount of $45,456.61 directly to Friedman. Friedman then forwarded a purchase requisition dated October 22, 1996, enclosing the hospital bill, to the County purchasing department. In a letter dated October 31, 1996, addressed to Colon, the County's chief operating officer informed Hospital that County was not responsible for the payment of Streisel's Hospital bill.

On December 22, 1997, Hospital filed a four-count complaint in the trial court seeking payment from County and Sheriff for medical services provided by Hospital to Streisel. In Counts I and II, Hospital alleged that County and Sheriff breached their duty under Section 1 of the Second Class County Prison Board Act, Act of December 10, 1980, P.L. 1152, *as amended*, 61 P.S. § 407.1, to pay for the costs of medical services provided to Streisel. In Count III, Hospital alleged that County and Sheriff were estopped from denying liability for Streisel's medical expenses because Hospital detrimentally relied on their promise to pay for the medical expenses. In Count IV, Hospital alleged that County and Sheriff breached an express contract to pay for Streisel's medical costs. County and Sheriff filed a motion for summary judgment which the trial court granted and this appeal followed.

■ On appeal, Hospital does not argue that the trial court erred in granting summary judgment with respect to Counts I and II. Hospital, however, does maintain that the trial court erred in granting summary judgment with respect to Counts III and IV. Our review of an order granting summary judgment is limited to a determination of whether there has been an error of law or a manifest abuse of discretion. *Herman v. Greene County Fair Board*, 112 Pa.Cmwlth. 615, 535 A.2d 1251

(1988). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, along with affidavits, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. *Case v. Lower Saucon Township*, 654 A.2d 57 (Pa. Cmwlth.1995). However, before addressing Hospital's argument concerning Counts III and IV, we will first address Appellees' contention that Hospital's appeal should be quashed.

■ Appellees argue that Hospital failed to appeal the trial court order within ten days of its issuance as is required by Pa. R.A.P. 903(c)(3). That rule provides that appeals shall be taken within ten days of "an order in any matter arising under the Local Government Unit Debt Act or similar statute relating to the public debt." Here, Appellees argue that if Hospital were successful in its attempt to have Appellees pay for Streisel's medical treatment, payment of Streisel's debt would require the authorization of a public debt. We agree with Hospital, however, that payment of Streisel's bill would not require authorization of a public debt. Section 2001 of the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. § 5001 referenced by Appellees does not require authorization of a public debt. Rather, that section authorizes the County Commissioners to make contracts. As it does not require the authorization of a public debt, we refuse to quash the appeal for not having been filed within ten days of the trial court order.

Moreover, we refuse to quash the appeal based on Appellees' assertion that Hospital filed its brief and reproduced record in an untimely fashion. The record reveals that on October 5, 1999 this court issued an order directing that Hospital file its brief and reproduced record on October 20, 1999. Hospital mailed its brief and reproduced record on October 19, 1999 to this court as is evidenced by a U.S. Postal

Service Certificate of Mailing. (Hospital's brief at p. A3.) As Hospital complied with this court order, we decline to quash the appeal.

Next, we will address Hospital's argument that the trial court erred in granting summary judgment with respect to Count III, wherein Hospital alleged that it detrimentally relied on Appellees' promise to pay for Streisel's hospital expenses. Initially, we observe that a cause of action under detrimental reliance or promissory estoppel arises "when a party relies to his detriment on the intentional or negligent representations of another party, so that in order to prevent the relying party from being harmed, the inducing party is estopped from showing that the facts are not as the relying party understood them to be." *Thomas v. E.B. Jermyn Lodge No. 2*, 693 A.2d 974, 977 (Pa.Super.1997), *appeal denied*, 550 Pa. 706, 705 A.2d 1309 (1998). The elements of promissory estoppel or detrimental reliance are: (1) misleading words, conduct or silence by the party against whom estoppel is asserted; (2) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel; and (3) no duty on the party seeking to assert estoppel. *Id.*

Here, the trial court determined that as to the promissory estoppel claim, in accordance with *Pittsburgh Baseball, Inc. v. Stadium Authority of the City of Pittsburgh*, 157 Pa.Cmwlth. 478, 630 A.2d 505 (1993), one who contracts with a municipal corporation must at their peril inquire into the power of the corporation or its officers to make the contract or incur debts. In this case, Colon failed to inquire as to whether Friedman had the authority to accept liability for Streisel's medical expenses. At no time did Friedman state that she had the authority to bind County (Colon deposition at p. 117), and Colon had no previous dealings with County or Friedman. (*Id.*) The authority to make contracts rests with the County Commissioners, 16 P.S. § 5001, and to be enforceable, all contracts over $10,000.00 are to be in writing. Sections 1801 and 1802 of the County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§ 1801 and 1802.

Moreover, we also agree with the trial court that Hospital did not rely on statements made by Friedman in providing medical services to Streisel. At the time of Streisel's admission to Hospital, no employees of County or Sheriff's department were present and, as such, did not request medical care for Streisel. Streisel received thirteen days of medical care before Friedman and Colon had their first conversation. After the initial conversation, Streisel was discharged two days later. Hospital admits that it is a charitable institution which provides medical services regardless of a patient's ability to pay. (Hospital brief at p. 15.) Although Hospital argues that it has a duty to seek payment when available, it does not follow that Hospital relied on Friedman's statements in providing care, especially in light of the fact that care had already been rendered to Streisel for thirteen days before Friedman first spoke with Colon.

We also agree with the trial court that as to Count IV, wherein Hospital alleges that County and Sheriff breached their agreement to pay Streisel's medical bills, the Statute of Frauds requires that a promise to pay for the debt of another must be in writing to be enforceable.[1] Hospital argues however, that as a detainee, Sheriff and County owed a duty to

---

1. The Statute of Frauds defense contained in Section 1 of the Uniform Written Obligation Act, Act of April 26, 1855, P.L. 308, *as amended*, 33 P.S. § 3 provides:

   No action shall be brought whereby to charge any executor or administrator, upon any promise to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charges herewith, or some other person by him authorized.

provide Streisel medical care, and therefore the promise was not a promise to pay the debt of another, which requires a writing, but rather it was a promise to pay the debt of County and Sheriff. We disagree with Hospital's argument however because the hospital bill designated Streisel as the Guarantor.

Moreover, although the rule does not apply if the promisor's main objective in making the promise was to benefit his own pecuniary or business purpose rather than to benefit and accommodate another, *Webb Manufacturing Co. v. Sinoff*, 449 Pa.Super. 534, 674 A.2d 723, 725 (1996), this exception is not applicable in this case. Although Hospital contends that its decision to grant a thirty-five percent discount to County and Sheriff was a benefit to them, County and Sheriff were under no obligation to pay Streisel's bill.[2]

Accordingly, as the trial court did not err in granting the motion for summary judgment filed by the Appellees, the order of the trial court is affirmed.

### ORDER

Now, February 9, 2001, the order of the Court of Common Pleas of Lehigh County at No. 97–C–2987, entered May 28, 1999, is affirmed.

Judge KELLEY dissents.

2. Although Hospital, on appeal to us, contends that Appellees had a constitutional duty to pay Streisel's hospital bill, Hospital failed to raise this constitutional argument in its complaint, and a cause of action based upon an alleged breach of a constitutional duty is now past. Streisel's hospital bill became due upon its receipt by County and the Sheriff in October, 1996. The applicable statute of limitations for a tort such as a breach of constitutional duty is two years, Section 5524 of the Judicial Code, 42 Pa.C.S. § 5524(2). As such, any claim for breach of a constitutional duty to pay Streisel's bill had to be filed before October, 1998.