Marilynn Lee McCLUNG, Appellant,

v.

Gerald S. BRENEMAN and Gerald
S. Breneman, Jr., Appellees.

Superior Court of Pennsylvania.

Argued April 29, 1997.

Filed Sept. 2, 1997.

John L. Lachall, West Chester, for appellant.

David K. Grubb, Lancaster. for appellees.

Before BECK, POPOVICH and
MONTEMURO *, JJ.

POPOVICH, Judge:

On October 14, 1994, appellant's uninsured registered vehicle was struck by a vehicle being driven by appellee Gerald S. Brene-

* Retired Justice assigned to Superior Court.

man, Jr., when appellee failed to yield properly. As a result of the accident, appellant suffered a fractured right wrist, a four-inch cut on her right knee, a non-displaced fracture to one of her ribs and small cuts on her forehead. Appellant required fourteen stitches to her knee and wore a hard cast from her elbow to her fingers for four weeks. After the hard cast was removed, she used a removable cast on a full-time basis for three weeks and then on a part-time basis for approximately one month. As a result of her injuries, appellant was unable to work at Chak's Craft Store for three weeks. After three weeks, she returned to work with limitation. On December 5, 1994, she returned to work without limitation.

On January 16, 1996, appellant filed a complaint against appellees seeking non-economic damages for personal injuries she sustained in the automobile accident and reimbursement for her medical bills.[1] On July 2, 1996, appellees filed a motion for summary judgment. In their motion, appellees argued that since appellant failed to maintain automobile insurance, she was deemed to have selected the limited tort option, and, therefore, in order for her to recover non-economic damages, she was required to demonstrate that she suffered "serious injury." Appellees then concluded that appellant failed to meet this threshold burden. Appellees also argued that appellant was ineligible to recover her medical expenses since she was an uninsured motorist. The trial court agreed

with appellees' assertions and entered summary judgment in their favor. This appeal followed.

■ Our scope of review is plenary when reviewing the propriety of a lower court's entry of summary judgment. *Schriver v. Mazziotti*, 432 Pa.Super. 276, 638 A.2d 224 (1994). Pursuant to Pennsylvania Rule of Civil Procedure 1035(2)(1), summary judgment shall be rendered whenever there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] We must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. *Schriver, supra.*

■ Appellant's first argument is that the trial court erred in concluding that she did not suffer "serious injury," thereby precluding her from recovering non-economic damages under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. § 1701 *et seq.* The MVFRL defines "serious injury" as "personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S.A. § 1702. Appellant concedes that pursuant to this Court's decision in *Dodson v. Elvey*, 445 Pa.Super. 479, 665 A.2d 1223 (1995), *allocatur granted*, 544 Pa. 608, 674 A.2d 1072 (1996), the impairment to her right arm was not a "serious injury."[3] However, in her

---

1. Appellant sued both Gerald S. Breneman, Jr., and his father, Gerald S. Breneman, because they were co-owners of the vehicle driven by Mr. Breneman, Jr., on October 14, 1994.

2. Although neither appellant nor the trial court cite the new rules, the summary judgment motion in this case is governed by Rules of Civil Procedure 1035.1 through 1035.5, which replace former Rule 1035 and became effective July 1, 1996. Pa.R.Civ.P., Rules 1035.1–1035.5, 42 Pa. C.S.A.

3. In *Dodson*, the appellant was unable to use his right arm or attend work for four months, and he required extensive treatment during his recovery period. After returning to work, he continued to *experience* pain and had difficulty engaging in recreational activities. Despite this evidence, we found that his impairment was not a "serious injury" under the MVFRL. Here, appellant re-

turned to work with limitation within three weeks, and she returned without limitation within two months. She testified that she has no difficulty engaging in recreational activities and that she suffers only mild pain when engaging in physical activity. Her treatment during her recovery period was not as extensive as that received by the appellant in *Dodson*. Accordingly, we agree that application of *Dodson* to the facts of the case *sub judice* precludes a finding of serious impairment of body function.

We note that appellant suggests that we should not review the merits of this case until our supreme court decides *Dodson*. As appellant correctly notes, our supreme court granted a petition for allowance of appeal filed in the *Dodson* case. Without citation to authority, appellant asserts that until *Dodson* is decided this Court is unable to render a decision with regard to the case *sub judice*. We disagree. "As long as the [*Dodson*] decision has not been overturned by

appellate brief, she states that "the four inch scar on her knee meets the requirements for permanent serious disfigurement," and, therefore, the lower court erred in finding no "serious injury." Appellant's Brief p. 9. We find that appellant has failed to develop an argument concerning this issue and has failed to cite pertinent authority supporting her contention. Appellant's bald assertion of error is not sufficient to permit meaningful appellate review of her claim. *Hoag v. Hoag,* 435 Pa.Super. 428, 646 A.2d 578 (1994), *affirmed,* 541 Pa. 621, 664 A.2d 1354 (1995). Accordingly, we find that this issue is waived on appeal.

Appellant's next argument is that the lower court erred in determining that the MVFRL prevents her, the owner of a registered uninsured motor vehicle, from recovering her medical expenses in an action against appellees, third-party tortfeasors. We disagree.

■ It is clear from the language of Section 1711 of the MVFRL that the legislature intended all automobile owners in Pennsylvania to purchase automobile insurance which must cover the insured with certain minimum first-party benefits. Where owners of registered motor vehicles do not have financial responsibility, they cannot recover first-party benefits, including medical bills. 75 Pa.C.S.A. §§ 1702, 1714. It is also clear from the language of Section 1722 that where insureds recover first-party benefits from insurers they are precluded from obtaining a double recovery to the extent of the first-party benefits from alleged third-party tortfeasors. 75 Pa.C.S.A. § 1722. What is not clear, and what is at issue in this case, is whether uninsured motorists are precluded from recovering medical expenses from alleged third-party tortfeasors where they are ineligible to recover them from insurers pursuant to Section 1714.[4] We find that they are so precluded.

Section 1722 provides, in pertinent part, that "[i]n an action for damages against a tortfeasor ... arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter ... shall be precluded from recovering the amount of benefits paid or payable under this subchapter. ..." As discussed previously, this section expressly prohibits eligible claimants, i.e. those who are insured, from recovering medical expenses from both insurers and alleged third-party tortfeasors. Appellant argues that because she is not an eligible claimant Section 1722 does not prohibit her from recovering her medical expenses from appellees, the alleged third-party tortfeasors. We agree with appellant that Section 1722 does not explicitly provide for such a result. However, applying the rules of the Statutory Construction Act,[5] we conclude that the legislature intended that uninsured motorists are precluded from recovering medical expenses from either insurers or third-party tortfeasors.

■ When construing an insurance statute, courts must apply a liberal interpretation to the statute and avoid a result which is contrary to the purpose of the statute. *Miller v. U.S. Fidelity and Guaranty Co.,* 304 Pa.Super. 43, 450 A.2d 91 (1982), *affirmed,* 503 Pa. 127, 468 A.2d 1097 (1983). Moreover, it is this Court's obligation to construe the statute to avoid absurd results, to give effect to the entire statute and to favor the public interest as against any private interest. 1 Pa.C.S.A. § 1922. The purpose of Section 1714 is to avoid the rewarding of first-party benefits to motorists who have willingly failed to purchase insurance. The state has a legitimate object in seeing that all motorists are covered by adequate insurance and it

---

our supreme court, it remains binding precedent." *Sorber v. American Motorists Ins. Co.,* 451 Pa.Super. 507, 680 A.2d 881 (1996). Consequently, we are permitted to review this case.

4. Section 1714 provides, in relevant party, that "an owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first-party benefits." 75 Pa. C.S.A. § 1714. Section 1702 provides that "first-

party benefits" includes medical benefits. 75 Pa.C.S.A. § 1702. Appellant concedes that she is ineligible to receive first-party benefits under Sections 1714 and 1702.

Appellant concedes that she is ineligible to receive first-party benefits under Sections 1714 and 1702.

5. 1 Pa.C.S.A. § 1501 *et seq.*

is not unreasonable for this Court to deny recovery where motorists have failed to secure such insurance. *Henrich v. Harleysville Ins. Cos.,* 403 Pa.Super. 98, 588 A.2d 50 (1991), *affirmed,* 533 Pa. 181, 620 A.2d 1122 (1993). Allowing uninsured motorists to recover medical expenses from third-party tortfeasors, where they are unable to do so from insurers, would lead to an absurd result and would be contrary to the purpose of the MVFRL. *Pellot v. D & K Financial Corp.,* 9 D. & C. 4th 507 (1991), *affirmed,* 421 Pa.Super. 656, 613 A.2d 34 (1992) (owner of an uninsured registered vehicle is precluded from recovering first-party benefits under Section 1714 and is precluded from introducing into evidence or recovering such benefits from a third-party tortfeasor under Section 1722).[6] Also, it is inconceivable to us that the legislature intended to prohibit insured motorists from recovering medical expenses from third-party tortfeasors but intended to permit those who fail to insure themselves to do so. Accordingly, we find that Section 1714 and Section 1722, when read together, prevent appellant from recovering medical expenses from appellees, and, therefore, summary judgment was entered properly on this basis.

Affirmed.

---

**6.** While we are not bound by the lower court's decision in *Pellot,* we find the lower court's reasoning to be persuasive and find it applicable to the facts of this case.