**Lavenia BRYANT, Appellant**

v.

**Swaroop REDDY, Premkumar and Kusuma Reddy, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 16, 2002.
Filed Feb. 22, 2002.

Lawrence Solomon, Philadelphia, for appellant.

Gary R. Gremminger, Philadelphia, for appellees.

Before: HUDOCK, KLEIN and BECK, JJ.

HUDOCK, J.

¶ 1 This is an appeal by Lavenia Bryant (Appellant) from the judgment entered in favor of Swaroop Reddy, Premkumar Reddy and Kusuma Reddy (Appellees) in a civil action wherein Appellant, an owner of a registered but uninsured vehicle, claimed damages against Appellees for permanent injuries, medical expenses and wage loss as a result of a two vehicle automobile accident. For the reasons that follow, we affirm.

¶ 2 On June 18, 1996, Appellant was the driver of a vehicle involved in an automobile accident with a vehicle driven by Appellee Swaroop Reddy and owned by Premkumar and Kusuma Reddy. As a result of this accident, Appellant, on April 27, 1998, initiated the within action in the Court of Common Pleas of Philadelphia County against Appellees alleging the negligence of Swaroop Reddy in striking her vehicle. The complaint further asserted that Appellant, as a result of the accident, sustained severe and permanent bodily injuries, including an avulsion fracture and midfoot sprain, rotator cuff tendonitis, radiculopathy, cervialgia, cervicobrachial syndrome, thoracic sprain and strain, lumbosacral sprain and strain, post-traumatic stress syndrome, stiffness in the right knee, numbness in the left leg, numbness in the feet, headaches, loss of memory, dizziness, anxiety, general weakening of supportive soft tissue structures and severe prolonged pain in all affected areas of the body. Appellant's Complaint at ¶ 10. In addition to seeking damages for personal injuries, Appellant further sought compensation for medical expenses and wage loss. Subsequently, Appellees filed preliminary objections to venue and the case was transferred to Delaware County. Thereafter, Appellees filed an answer and new matter to Appellant's complaint alleging that, at the time of the accident, Appellant was the owner of an uninsured motor vehicle. This allegation is undisputed.

¶ 3 The case proceeded to arbitration on September 21, 1999, and a panel of arbitrators entered a verdict for Appellees. Appellant appealed the arbitration award on October 21, 1999. On December 10, 1999, Appellees filed a motion to preclude Appellant from recovering any medical expenses or lost earnings because she was an uninsured operator of a motor vehicle at the time of the accident. On December 30, 1999, the court granted the motion. The court further denied Appellant's subsequent motion requesting the court to reconsider its preclusion order.

¶ 4 On March 19, 2001, a jury was empanelled. On March 20, 2001, the jury returned a verdict for Appellees, indicating in the special interrogatories submitted that it had determined that Appellant had not sustained a serious impairment of bodily function as a result of the June 18, 1996, accident. On March 29, 2001, Appellant filed post-verdict motions alleging that the trial court erred in precluding the introduction of wage loss information and medical bills and requesting that a new

trial be granted. On May 21, 2001, Appellant's post-trial motions were denied. This timely appeal followed. On June 26, 2001, Appellant filed a statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b), in response to which the trial court filed its opinion.

¶ 5 On appeal, Appellant presents the sole issue of whether "[Appellant is] entitled to a new trial because the lower court precluded her from pleading and proving any lost wage claim and any medical claim (in excess of $5,000.00) because she was the owner and operator of an uninsured motor vehicle." Appellant's Brief at 4.

 ¶ 6 Preliminarily, we note our standard of review in an action challenging the lower court's ruling on a motion for new trial is as follows:

> The decision whether to grant a new trial lies within the trial court's discretion. *Martin v. Evans*, 551 Pa. 496, 501–02, 711 A.2d 458, 461 (1998). Therefore, when reviewing an order denying a motion for a new trial, we must determine whether the trial court "clearly and palpably abused its discretion or committed an error of law which affected the outcome of the case." *Whyte v. Robinson*, 421 Pa.Super. 33, 617 A.2d 380, 382 (1992). "A new trial is warranted when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." *Martin*, 551 Pa. at 501, 711 A.2d at 461. *Brinich v. Jencka*, 757 A.2d 388, 395 (Pa.Super.2000) [*appeal denied*, 565 Pa. 634, 771 A.2d 1276 (2001) ]. " 'Further, if the basis of the request for a new trial is the trial court's rulings on evidence, then such rulings must be shown to have been not only erroneous but also harmful .... Evidentiary rulings which did not affect the

verdict will not provide a basis for disturbing the jury's judgment.' " *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 707 (Pa.Super.2000) [*appeal denied*, 567 Pa. 715, 785 A.2d 90, 2001 Pa. Lexis 41 (Pa. January 4, 2001) ] (quoting *Foflygen v. Allegheny General Hosp.*, 723 A.2d 705 (Pa.Super.1999), appeal denied, 559 Pa. 705, 740 A.2d 233 (1999)).

*Detterline v. D'Ambrosio's Dodge, Inc.*, 763 A.2d 935, 938 (Pa.Super.2000). Keeping this standard in mind, we will now address Appellant's claim.

 ¶ 7 Appellant argues that the trial court erred in determining that this Court's decision in *McClung v. Breneman*, 700 A.2d 495 (Pa.Super.1997), precludes her, the owner of a registered but uninsured motor vehicle, from recovering her lost wages and medical expenses in excess of $5,000.00 (the statutory minimum of financial responsibility required under the Motor Vehicle Financial Responsibility Law (MVFRL)) [1] in an action against Appellees, third-party tortfeasors. We disagree.

¶ 8 In *McClung*, a panel of this Court held that a driver of a registered but uninsured vehicle who was injured in a two-vehicle automobile accident was precluded under the MVFRL from recovering medical expenses from the other driver where she was ineligible to recover first party benefits from an insurer. In reaching its decision, the panel focused on section 1714 of the MVFRL, which provides that, "[a]n owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first party benefits." 75 Pa.C.S.A. § 1714. First party benefits are defined as "[m]edical benefits,

---

1. The MVFRL only requires first-party coverage of $5,000.00 for medical benefits. 75 Pa.C.S.A. § 1711. There is no statutory requirement that vehicle owners purchase wage loss coverage.

income loss benefits, accidental death benefits and funeral benefits." 75 Pa.C.S.A. § 1702. After looking at the legislature's objective in drafting section 1714, the panel determined that to permit an uninsured driver to recover medical expenses from a third-party tortfeasor would be irreconcilable with the purpose behind section 1714:

> The purpose of Section 1714 is to avoid the rewarding of first-party benefits to motorists who have willingly failed to purchase insurance. The state has a legitimate object in seeing that all motorists are covered by adequate insurance and it is not unreasonable for this Court to deny recovery where motorists have failed to secure such insurance. Allowing uninsured motorists to recover [first party benefits] from third-party tortfeasors, where they are unable to do so from insurers, would lead to an absurd result and would be contrary to the purpose of the MVFRL.

*McClung,* 700 A.2d at 497–98 (citations omitted). This Court also examined the language of section 1722 of the MVFRL and found the section to provide "that where insureds recover first-party benefits from insurers they are precluded from obtaining a double recovery to the extent of the first-party benefits from alleged third-party tortfeasors." *Id.* at 497. The panel further reasoned, "it is inconceivable to us that the legislature intended to prohibit insured motorists from recovering medical expenses from third-party tortfeasors but intended to permit those who fail to insure themselves to do so." *McClung,* 700 A.2d at 498. Thus, we concluded that in reading sections 1714 and 1722 together, McClung was precluded from recovering medical expenses from the third-party tortfeasor due to her being an owner/operator of a registered but uninsured motor vehicle.

 ¶ 9 It is well established that, "absent legally relevant distinctions of fact, we are bound by precedent." *Nicholson v. Combs,* 437 Pa.Super. 334, 650 A.2d 55, 58 (1994), *affirmed in part and reversed in part on other grounds,* 550 Pa. 23, 703 A.2d 407 (1997). The fact that Appellant seeks to recover medical expenses limited to that which is in excess of the MVFRL statutory minimum of $5,000.00 for first-party benefits, rather than the statutory minimum itself, is a distinction without a difference. Moreover, the fact that the defendant in *McClung* only sought recovery of medical benefits and not wage loss benefits does not aid Appellant's plight. First-party benefits clearly include wage loss benefits as well as medical benefits. 75 Pa.C.S.A. § 1702. Thus, the reasoning of the Court in *McClung,* above, is equally applicable to Appellant's claim for wage loss. Accordingly, we find this Court's decision in *McClung* dispositive of Appellant's claim on appeal.

¶ 10 Judgment affirmed.