42 A.3d 254

**Mary CORBIN, Appellee**

v.

**Suresh KHOSLA, Appellant**

Supreme Court of Pennsylvania.

Argued Dec. 1, 2010.

Decided Feb. 21, 2012.

Amy Daubert, Harrisburg, W. Christopher C. Doane, Terrance A. Keating, PA Department of Insurance, for Amicus Curiae, Joel S. Ario.

Gregory Buchwald Heller, Young Ricchiuti Caldwell & Heller, L.L.C., Philadelphia, for Amicus Curiae, Pennsylvania Association of Justice.

James C. Haggerty, Swartz Campbell, L.L.C., Philadelphia, for Suresh Khosla.

James C. Haggerty, Philadelphia, Suzanne T. Tighe, Scranton, Swartz Campbell, L.L.C., for Appellant Amicus Curiae, Pennsylvania Defense Institute.

Martin J. Beck, Neff and Associates, Bruce L. Neff, Philadelphia, for Mary Corbin.

Marcia Mary Waldron, U.S. Court of Appeals, 3rd Circuit, for United States Court of Appeals for the Third Circuit.

Amy Griffith Daubert, Harrisburg, W. Christopher C. Doane, Terrance A. Keating, PA Department of Insurance, for Appellee Amicus Curiae, PA. Insurance Dept., Robert Pratter.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice McCAFFERY

■ This case raises the question whether an uninsured driver who is injured in a motor vehicle accident with an insured driver, may sue the insured driver in tort for economic damages. The question highlights a tension in the Motor Vehicle Financial Responsibility Law, ("MVFRL"), 75 Pa.C.S. §§ 1701–1799, and Pennsylvania decisional precedent, as perceived by the United States Court of Appeals for the Third Circuit. On the one hand, Section 1714 of the MVFRL prohibits uninsured drivers from recovering first-party benefits, which include medical and income loss benefits. *Id.* §§ 1702, 1714. On the other hand, Section 1705 of the MVFRL deems uninsured drivers to have chosen the limited tort alternative, which permits recovery of damages for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person. *Id.* at § 1705. Economic loss, of course, is commonly understood as being comprised of damages for medical expenses and wage loss. Thus, it may appear as though the MVFRL both prohibits and permits insurance recovery to uninsured drivers for this

category of damages or loss, and it is the resolution of this seeming contradiction that we address herein.

The facts underlying this matter are not in dispute. On February 6, 2006, Appellee, Mary Corbin, was driving south on Route 413 in Bristol, Pennsylvania, in her uninsured vehicle, while Appellant, Suresh Khosla, was driving his insured vehicle north on Route 413. As the vehicles approached each other, Appellant turned left onto State Road in front of Appellee. In the resulting motor vehicle accident, Appellee sustained bodily injury. Appellee maintained that the accident was Appellant's fault because she had the right of way through the intersection. Invoking diversity jurisdiction, Appellee sued Appellant in the United States District Court for the Eastern District of Pennsylvania, and sought both economic and non-economic damages.

Appellant filed a motion for partial summary judgment seeking the dismissal of Appellee's claims for economic damages under Section 1714 of the MVFRL because Appellee did not carry motor vehicle liability insurance as required by law. Appellant also sought a declaration that Appellee was precluded from claiming non-economic damages because she was subject to the limited tort option per Section 1705(a)(5). The district court ruled that Appellee was precluded from recovering non-economic damages under Section 1705. Relying, in part, on language set forth by this Court in *Swords v. Harleysville Ins. Companies,* 584 Pa. 382, 883 A.2d 562, 564 (2005), the district court further predicted that "the Pennsylvania Supreme Court would hold that a plaintiff can recover economic damages from an alleged third-party tortfeasor. A plaintiff would be prohibited, however, from recovering such damages from an insurance company." District Court Memorandum (Slomsky, J.), dated 12/15/08, at 3. The district court certified its ruling on the economic damages issue for immediate appeal, and the Third Circuit Court of Appeals granted Appellant's petition for permission to appeal. Orders, filed 2/9/09 and 3/20/09, respectively.

Upon review, the Third Circuit did not adjudicate the matter; instead, it concluded that the district court's determi-

nation raised a significant question as to which it believed there was no controlling decision from this Court. It noted the existence of several decisions from the Superior Court, not discussed in *Swords, supra,* suggesting that no recovery from third-party tortfeasors obtains in the type of factual scenario present here. The Third Circuit petitioned this Court for certification of the following question of law, which, upon review, we granted:

> Does § 1714 of the Motor Vehicle Financial Responsibility Law preclude an uninsured motorist from recovering tort damages for economic losses from an alleged third-party tortfeasor. *See Swords v. Harleysville Ins. Co.* [584 Pa. 382], 883 A.2d 562 (Pa.2005); *Bryant v. Reddy,* 793 A.2d 926 (Pa.Super.2002), *allocatur denied* [569 Pa. 697], 805 A.2d 518 (Pa.2002); *McClung v. Breneman,* 700 A.2d 495 (Pa.Super.1997).

Petition for Certification of Question of Law, filed 3/29/10.

■ We begin our analysis by observing that the MVFRL requires all drivers in Pennsylvania to maintain financial responsibility, which is defined as "the ability to respond in damages for liability" in specified amounts resulting from motor vehicle accidents. 75 Pa.C.S. § 1702. Moreover, the MVFRL provides that "An owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover **first party benefits.**" 75 Pa.C.S. § 1714 (emphasis added). First-party benefits are defined by the MVFRL as "[m]edical benefits, income loss benefits, accidental death benefits and funeral benefits." 75 Pa.C.S. § 1702. Although the MVFRL prohibits an uninsured driver from obtaining first-party benefits, it simultaneously provides that "An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S. § 1705(a)(5).

Section 1705 further provides:

> **(d) Limited tort alternative.**—Each person who elects the limited tort alternative **remains eligible** to seek compensa-

tion for **economic loss** sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss[.]

75 Pa.C.S. § 1705(d).[1]

In *Swords v. Harleysville Ins. Companies, supra,* Bernell Swords ("Father") owned a vehicle insured by Pennland Insurance Company ("Pennland"). Swords's son ("Son"), who owned an uninsured vehicle, had an accident while driving Father's vehicle. Son sought to recover first-party benefits pursuant to Father's automobile insurance policy for the medical expenses he incurred. Pennland denied the claim and Father and Son sued Pennland for a declaratory judgment, alleging that Pennland "was statutorily mandated to cover these expenses[.]" *Swords,* 883 A.2d at 564. Pennland replied that it was not obligated to pay these benefits under Section 1714 because Son owned a registered but uninsured vehicle. Upon review, we agreed with Pennland, holding that "Section 1714 of the MVFRL clearly and unambiguously renders an owner of a currently registered motor vehicle ineligible to recover first party benefits when the owner fails to meet the requirements of financial responsibility as detailed in the MVFRL." *Id.* at 568. We held that "the MVFRL does not allow owners such as Son to rely on the financial responsibility of others to circumvent the preclusion set forth in Section 1714. As such, [Father's and Son's] argument that Son had financial responsibility because he was driving Father's insured vehicle fails." *Id.* at 568–69.

We stated further, in *dicta:*

While the MVFRL mandates in Section 1714 that owners of registered but uninsured vehicles cannot recover first party benefits, the Law does not preclude such owners from recovering damages for injuries sustained as a result of automobile accidents. Indeed, the Law deems owners of

---

1. Non-economic loss is defined by the MVFRL as "Pain and suffering and other nonmonetary impairment." 75 Pa.C.S. § 1702 PA-ST-ANN.

registered but uninsured vehicles to have chosen the limited tort alternative. 75 Pa.C.S. § 1705(a)(5). This deemed choice allows an owner of a registered but uninsured vehicle to be, at least, "eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law...." 75 Pa.C.S. § 1705(d). Accordingly, when an owner of a registered but uninsured vehicle is the innocent victim of an accident, he or she can sue in tort and, at the very least, recover damages for economic loss.

*Id.* at 569.

The facts underlying *Swords* are important here because the *Swords* scenario shows that a fundamental difference exists between a claim for first-party benefits and one for third-party liability damages. In *Swords*, Son did not sue a **third-party** tortfeasor for economic damages; instead he brought an action against the insurer of Father's vehicle for a declaratory judgment after the insurer denied his claim for no-fault **first-party** benefits made directly against the policy, either as a named insured, an insured, or occupant of an insured vehicle.

The difference between a claim for first-party benefits and a claim against a third-party for damages has not been recognized consistently in Pennsylvania jurisprudence. Indeed, these separate categories of claims for compensation seem to have been equated and treated as one and the same in several decisions of the Superior Court. For example, in *McClung v. Breneman,* 700 A.2d 495 (Pa.Super.1997), the appellant, Marilyn McClung, was injured when her uninsured vehicle was struck by an insured vehicle whose driver had failed to properly yield the right-of-way. As a result of the accident, Ms. McClung suffered a fractured right wrist which required a cast for seven weeks, a four-inch cut on her right knee that required fourteen stitches, and a non-displaced fracture to one of her ribs. *Id.* at 496. Ms. McClung filed a third-party complaint for damages against the insured driver seeking non-economic damages for the injuries she sustained in the automobile accident, as well as reimbursement for her medical

bills. *Id.* The trial court determined that because Ms. McClung had failed to maintain automobile insurance, she was not eligible to recover either non-economic damages or reimbursement for her medical bills, and dismissed the complaint on summary judgment. *Id.*

On appeal, the Superior Court affirmed, based upon its interpretation of Section 1722 of the MVFRL.[2] Despite the dubious applicability of the prohibition against duplicative recovery by injured insured drivers under Section 1722 to the issue of whether injured uninsured drivers may seek a single recovery of medical expenses as economic damages from third-party tortfeasors, the Superior Court presented the issue it was reviewing as follows:

It is clear ... that the legislature intended all automobile owners in Pennsylvania to purchase automobile insurance which must cover the insured with certain minimum first party benefits. Where owners of registered motor vehicles do not have financial responsibility, they cannot recover first party benefits, including medical bills. 75 Pa.C.S.A. §§ 1702, 1714. It is also clear from the language of Section 1722 that where insureds recover first party benefits from insurers they are precluded from obtaining a double recovery to the extent of the first party benefits from alleged third party tortfeasors. 75 Pa.C.S.A. § 1722. What is not clear, and what is at issue in this case, is whether uninsured motorists are precluded from recovering medical expenses

---

**2.** Section 1722 of the MVFRL eliminates duplicative recovery by an injured insured for losses arising from a motor vehicle accident, specifically shielding a tortfeasor from a damages award when the same loss is compensable from other sources, such as workers' compensation. It provides:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S. § 1722.

from alleged third party tortfeasors where they are ineligible to recover them from [first party] insurers pursuant to Section 1714. We find that they are so precluded.

*McClung,* 700 A.2d at 497.

The *McClung* panel did not discuss the import or effect of Section 1705, which deems uninsured drivers to have elected the limited tort option and directs that such drivers remain eligible to seek compensation for **economic loss** incurred as a consequence of the fault of another under applicable tort law. Instead, the *McClung* panel concluded that the MVFRL language was ambiguous, and in interpreting Sections 1714 and 1722 together, held that "the legislature intended that uninsured motorists are precluded from recovering medical expenses from either [first-party] insurers or third[-] party tortfeasors[,]" and that by "allowing uninsured motorists to recover medical expenses from third[-]party tortfeasors, where they are unable to do so from [first-party] insurers, would lead to an absurd result and would be contrary to the purpose of the MVFRL." *McClung* at 498. The Superior Court employed the same rationale five years later to conclude that uninsured drivers could not recover damages for economic losses in the nature of wage loss benefits from a third-party tortfeasor. *Bryant v. Reddy,* 793 A.2d 926 (Pa.Super.2002). The Superior Court's broad reasoning in these cases essentially interpreted the term "first-party benefits" as defined in Section 1702 of the MVFRL to also encompass and include third-party coverage for economic damages which would be applicable under a tortfeasor's bodily injury liability coverage.

In the instant matter, the United States District Court recognized that first-party benefits are distinct from third-party coverage. It framed the issue as "whether the bar against an uninsured motorist recovering first-party benefits set forth in Section 1714 is restricted to a suit by an uninsured motorist against an insurance company as opposed to a suit against an alleged third-party tortfeasor." District Court Memorandum (Slomsky, J.), dated 12/15/08, at 3. The court analyzed *McClung, Bryant,* and the relevant statutory provisions in light of the decision of this Court in *Swords,* and

predicted that this Court would rule that Section 1714 bars recovery for first-party benefits, and that Section 1705 permits . recovery of economic damages.[3]

We have thoroughly reviewed the briefs and arguments of both parties and their *amici.* Moreover, in our order granting the petition of the Third Circuit for certification of a question of law, we invited the Insurance Commissioner of Pennsylvania to file an *amicus curiae* brief. *Corbin v. Kholsa,* 607 Pa. 88, 3 A.3d 666 (2010). Counsel for the then-Acting Commissioner and for the Insurance Department accepted our invitation and has filed a brief in this matter which suggests that a plain reading of the relevant provisions of the MVFRL shows no statutory ambiguity, and that claims for first-party benefits and claims for economic damages are clearly separate and distinct claims.[4] Thus, the Commissioner and Department posit that the decisions of the Superior Court holding that no recovery of any kind is available to injured uninsured motor-

3. The district court explained its rationale as follows:
   Construing Section 1714 as only prohibiting an uninsured owner and operator of a vehicle from recovering damages from a defendant insurance company, as opposed to an alleged third party tortfeasor, is consistent with the statutory language. Section 1714 prohibits owners of registered but uninsured vehicles from "recover[ing] **first** party benefits." (Emphasis added). First party benefits are benefits paid by a plaintiff's own insurance carrier. *James R. Ronca et al. Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law* § 2.1 (2d ed.2007). The statute does not explicitly exclude recovery of benefits from an alleged third party tortfeasor. The Pennsylvania Superior Court in *McClung, supra,* conceded this point, and the Pennsylvania Supreme Court in *Swords* did not hold that Section 1714 precluded recovery of economic damages from a third party tortfeasor. *McClung,* 700 A.2d at 497; *Swords,* 883 A.2d at 569. Furthermore, Section 1714 falls within the subchapter of 75 Pa.C.S.A. covering "Motor Vehicle Liability **Insurance** First Party Benefits." (Emphasis added). The fact that the subchapter specifically refers to "insurance" coverage suggests that Section 1714 would not apply to actions brought to recover economic damages from a third[-]party tortfeasor. Moreover, as noted in *Swords, supra,* 75 Pa.C.S.A. § 1705 would allow recovery of economic damages as the consequence of the fault of another person.
   *Id.* at 5–6.

4. The current Insurance Commissioner has not made any additional filing.

ists under the MVFRL are flawed and must be abrogated or distinguished here. We agree.

To support our determination that first-party coverage and third-party coverage are distinct, we first look to the structure and plain language of the MVFRL. In subchapter A, the General Assembly has mandated that all owners of currently registered private passenger motor vehicles in Pennsylvania must maintain the ability to **respond in damages to liability** in the minimum amount of $15,000 for injury to one person in any one accident, $30,000 for injury to two or more persons in any one accident, and $5000 for damage to the property of others in any one accident. 75 Pa.C.S. §§ 1702–1705. Moreover, an insurance policy may not be issued until the applicant has been provided an opportunity to elect a tort option. 75 Pa.C.S. § 1705(a)(4). One who chooses the full-tort option remains eligible to seek compensation for both economic and full non-economic losses, whereas one who chooses the limited-tort option remains eligible to seek compensation for economic loss and for non-economic loss only where serious injury has been sustained. 75 Pa.C.S. § 1705(c), (d). An owner of an uninsured motor vehicle "shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S. § 1705(a)(5).

In subchapter B of the MVFRL, the General Assembly has mandated that all motor vehicle insurance policies issued in Pennsylvania must include a first-party medical benefit in the minimum amount of $5000. 75 Pa.C.S. § 1711. Additionally, all insurers must make available for purchase additional first-party medical benefits, income loss benefits, accidental death benefits, funeral benefits, combined benefits, and extraordinary medical benefits. 75 Pa.C.S. 1712. Significantly, there is **no requirement to prove fault or liability** in order to make a claim for first-party benefits. Instead, such claims are payable upon reasonable proof of the amount of the benefit. Indeed, benefits are overdue and subject to accrual of interest if not paid by the insurer "within 30 days after the insurer receives reasonable proof of the amount of the benefits." 75 Pa.C.S. § 1716. An uninsured motorist "cannot recover first party benefits." 75 Pa.C.S. § 1714.

Considering the subchapters and sections together, there is no ambiguity. A straightforward reading and analysis shows that, in addition to the potential loss of driving privileges and fines, Pennsylvania attempts to deter motorists from driving without insurance in two ways. First, such motorists are limited in the recovery of non-economic damages by virtue of defaulting to limited tort. Second, such motorists are precluded from making claims for first-party benefits against any policies under which they might have otherwise been eligible for benefits as an insured, a named insured, or the occupant of an insured vehicle. Clearly, Section 1714 precludes uninsured drivers from participating in the first-party benefit system as a sanction or penalty for driving without insurance. This preclusion deprives the uninsured driver of speedy payment of medical and wage loss benefits from any first-party carrier through a direct claim against a policy for no-fault benefits. It does not, however, preclude an uninsured motorist from making a claim for economic damages in tort. Indeed, the MVFRL expressly deems an uninsured motorist to have elected the limited tort option. Thus, the relevant provisions of the MVFRL remove uninsured drivers from any potential participation in the first-party no-fault system, and thrust the uninsured driver into the uncertainty, time and expense required to sue the tortfeasor, establish fault, and recover payment limited to economic damages (and non-economic damages in the event of serious injury) from the tortfeasor's insurance company under the third-party liability provisions of the insured's policy.[5]

In sum, we answer the question posed by the Third Circuit in the negative: Section 1714 of the MVFRL does not pre-

5. As additional support for the conclusion that uninsured motorists are eligible to sue for economic damages, we note that under Section 1714 the General Assembly has placed uninsured motorists in the same category as motorcycle operators and occupants. See 75 Pa.C.S. § 1714 ("An owner of a currently registered motor vehicle who does not have financial responsibility or an operator or occupant of a ... motorcycle ... required to be registered under this title cannot recover first party benefits.") Presumably, the Legislature did not intend to penalize motorcyclists by denying them the ability to sue at-fault third-party drivers for damages.

clude an uninsured motorist from recovering tort damages for economic loss from an alleged third-party tortfeasor under the tortfeasor's liability coverage. We now expressly abrogate any decisions of the lower courts that have ruled to the contrary.

Accordingly, having answered the certified question, we relinquish jurisdiction.

Chief Justice CASTILLE, Justices SAYLOR, EAKIN, BAER, TODD and ORIE MELVIN join the opinion.

Justice SAYLOR files a concurring opinion in which Chief Justice CASTILLE and Justice ORIE MELVIN join.

Justice SAYLOR, concurring.

I join the majority opinion. I write separately only to offer the following observations.

By permitting an uninsured motorist to recover damages from within the category of those the uninsured motorist was responsible to insure himself—and, in particular, the $5,000 minimum first-party coverage required for medical benefits, see 75 Pa.C.S. § 1711(a)—the tortfeasor appears to be placed in a worse position, vis-à-vis an uninsured motorist, then he would have been had the plaintiff complied with the law and purchased the required coverage.[1] In point of fact, there is some resonance to the arguments of Appellant and his *amicus*—and the position of the Superior Court—that allowing the uninsured motorist to recover a full slate of damages from an at-fault driver is in tension with the Legislature's objective to penalize those who do not maintain mandated coverage.

That said, and as the majority explains, the MVFRL's distinction between first-party benefits and recovery of economic loss from third parties is plain enough, and I am particularly persuaded by the statute's placement of uninsured drivers in the same class as motorcycle operators, in terms of

1. The disadvantage arises, since, under Section 1722 of the MVFRL, first-party benefits recovered by insured motorists serve to offset damages available in third-party lawsuits. *See* Majority Opinion, at 191–94 & n. 2, 42 A.3d at 257–58 & n. 2 (citing 75 Pa.C.S. § 1722).

the availability of first-party benefits. *See* Majority Opinion, at n. 5 (citing 75 Pa.C.S. § 1714). Thus, while I recognize the incongruity, from a tortfeasor's perspective, in disadvantaging him (or, ultimately, his insurer) on account of a plaintiff's failure to maintain mandatory coverage, this appears to me to be a consequence of the legislative design and a matter inherently within the control of the General Assembly (subject only to constitutional considerations and constraints).

Chief Justice CASTILLE and Justice ORIE MELVIN join this concurring opinion.